LEDLEY *vs.* HAYS, Sheriff, &c.

In an action against a sheriff for seizing under execution property belonging to a person other than the judgment debtor, where the recovery is resisted on the ground that the property levied upon had been transferred to the plaintiff by the judgment debtor, in fraud of his creditors, and conflicting evidence is given at the trial as to the question of fraud, but the plaintiff is nonsuited on another ground; this court, in determining whether the nonsuit was properly ordered, will presume that the plaintiff's title was not tainted with fraud, inasmuch as, there being conflicting evidence on that subject, the plaintiff had a right to have the question submitted to the jury.

In an action by A. against a sheriff, for seizing the property of A. on an execution against B. *Held,* that no demand was necessary before bringing suit.

APPEAL from the district court for the fourth judicial district. The facts are stated in the opinion of the court.

*C. A. Whitcomb,* for the plaintiff.

*N. Holland,* for the defendant.

*By the Court,* BENNETT, J. This was an action of replevin for taking and detaining personal property of the plaintiff. The defendant, as sheriff of the county of San Francisco, seized upon a wagon and team as the property of one Elliott, under an execution against him, and whilst he had them in his charge and custody. At the time of the seizure, Elliott informed the

Ledley *v.* Hays.

defendant that the plaintiff owned the wagon and team and that he (Elliott) had no interest in them. The plaintiff was non-suited at the trial on the ground that a demand was necessary before suit brought, and this presents the only point for consideration.

The defense was based upon the ground that Elliott had transferred the wagon and team to the plaintiff in fraud of his creditors, and that, the defendant having levied upon the property while in the charge of Elliott, a demand should have been made before bringing suit. On the question of fraud conflicting evidence was given, which was proper to have been submitted to the jury to pass upon, and we must, therefore, in determining this question of nonsuit, assume that the property was owned by the plaintiff, and that Elliott was, as the plaintiff claims him to have been, a mere servant.

The possession of a servant is the possession of the master for the purpose of maintaining trespass; (1 *Chitty's Pl.* 194;) and the same rule applies in an action of replevin in the *cepit*. (*Barrett* v. *Warren*, 3 *Hill*, 348.) The plaintiff must, therefore, be deemed to have been in the possession of the property at the time of the levy, and, the sheriff having had notice that the wagon and team were owned by the plaintiff, the original taking was tortious, and no demand was necessary before bringing suit.

In *Acker* v. *Campbell*, (23 *Wend.* 371,) an action of replevin in the *cepit* was sustained against a sheriff without any previous demand. In that case, goods had been sold and delivered by the plaintiffs to one Hooker, and the sheriff levied upon them while they were in the possession of the latter under an execution against him. It was established that the goods were procured of the plaintiffs through fraud; and although the sheriff took them out of the possession of Hooker, it was nevertheless held, that he was liable to the plaintiffs in an action of trespass, or of replevin in the *cepit*, in neither of which actions is a previous demand necessary. We understand it to be law, that the sheriff is liable in either form of action, without a previous demand, even where, by mistake, he takes the goods of a wrong person

under an execution; (1 *Chitty's Pl.* 197;) and much more must this rule apply where the officer is informed that the goods are owned by a third person.

New trial granted, costs to abide the event.