## TAYLOR *v.* SEYMOUR *et al.*

An officer, attaching goods under civil process, is entitled to notice of the claim of a third party to the goods, and a demand for them, or he is not liable in damages to such party for such seizure and detention.

Nor is his right to notice and demand affected by the fact that he had obtained indemnity before seizing the goods, for the notice of another's claim to them, might materially affect the character of the indemnity which he might require.

A conversation between the claimant of the goods and the officer's bailee, in which the former asserted that the goods were his, cannot be held as notice to the officer.

APPEAL from the Superior Court of the City of San Francisco.

This was an action for damages for unlawfully taking and converting plaintiff's goods, brought against E. P. Seymour, an attaching creditor of plaintiff's vendor, and E. Barry, the constable levying the attachment.

On the trial the plaintiff proved that he had purchased the goods, but failed to prove notice of his claim to the goods upon Barry, and demand for their restitution by plaintiff, although he proved having notified the keeper, placed by Barry in charge of the goods, that they belonged to him, the plaintiff. It also appeared by plaintiff's evidence that Barry sold the goods, under Seymour's execution against the plaintiff's vendor, Seymour having first indemnified Barry, as required by him.

The Court below instructed the jury to find a verdict for defendants, which was done, plaintiff excepting. Judgment was entered accordingly. Plaintiff moved for a new trial, which was overruled, and plaintiff appealed.

*James McCabe* for Appellant.

It is claimed by the defendants, (and the Court below so held,) that the statute of this State has changed the law, so that the action cannot be maintained against either, unless the plaintiff first notify the officer that he claims the goods seized. I do not concede this to be the law of the land. See Rhodes *v.* Patterson, 3 Cal. Rep., 469; Adams *et al. v.* Gorham; Tilden *v.* Little, decided at the January Term of this Court, 1856.

"The law requires no idle ceremony," and I am at a loss to conceive of a more "idle ceremony" than that of a constable's jury, especially in this case, where indemnity was given. It determines and fixes the rights of no one, except the right of the constable to indemnity, and was intended for nothing else. If their verdict should be against the claimant, he may yet bring his action of trespass or replevin. If it should be against the plaintiff in attachment or execution, and he in-

demnify the officer, then the officer is bound to hold the goods, and the claimant must bring his action or lose his rights. The moment the indemnity is given, the object of this "remedial" statute is fulfilled. For construction of this Act, see 1 Kent, 464, 465.

It is, for the purpose of the particular case, as though that statute was not in existence. Barry had a right to call a jury, or not, as he pleased. Taylor could not compel him to do it. See Compiled Laws, page 542, section 131, which says: "a jury may be summoned," and refers to § 218, p. 558. Said § 218 says: "If their verdict be in favor of the claimant, the sheriff may relinquish the levy unless the judgment creditor give him a sufficient indemnity for proceeding thereon." This shows clearly that the object of calling a jury is that the constable may obtain indemnity. A bond of indemnity having been tendered to, and accepted by Barry, he is indemnified without the expense of calling a jury; and the necessity and propriety of calling it no longer existed. The object to be obtained by it was accomplished; the end was attained, and the right to call it was waived, and with it was waived all rights, duties, and obligations, incident thereto. There was, therefore, no necessity for any notice or demand. The rights of the parties stand precisely the same as though a jury had been called and had rendered a verdict in favor of the claimant, and Seymour had then given a bond of indemnity to Barry. See Rhodes v. Patterson, 3 Cal. Rep., 469.

Again: This statute, § 565, p. 621 Compiled Laws, does not affect nor touch this case. The clause relied on by the defence says: "and no claim to such property, by any other person than the defendant or his agent, shall be valid against the officer unless so made."

Now, perhaps, this might have prevented Taylor from maintaining "replevin" for such property, if there had been no waiver of the right to insist on notice; but it does not prevent him from maintaining trespass for the value of the goods.

And this statute, being in derogation of the common law, should not be extended beyond its plain import.

If this Court should think that the statute (§ 565, p. 621,) intends that notice should be given to the officer, by the claimant, even where indemnity has been given, as in this case, then I answer that there was sufficient evidence of such notice to go to the jury, and it ought not to have been withdrawn from them and passed upon by the Court.

The constable has a right to a deputy, the same as a sheriff. See Taylor v. Brown et al., 4 Cal. Rep., 188, and if the deputy is competent to do any act, it is equally legal to serve notice upon him. Stewart v. Wells Johnson, 6 Barbour Rep., 81.

*S. M. Bowman* for Respondents.

I. Barry, by the plaintiff's own showing, was acting as constable, by virtue of judicial process. He found the goods in the apparent possession of the defendants named in the process, and he was not bound to take notice of every idle rumor or claim set up to the property. The

claimant should have demanded a trial of the right of property. The constable is required to proceed in the same manner as the sheriff. Practice Act, § 602.

The two hundred and eighteenth section provides how a sheriff shall proceed.

In the case of Daumiel *v.* Gorham, January Term, 1856, p. 112, this Court has declared the law in such cases. "In order to charge the officer, it is necessary to show a notice and demand of the goods, and a delay and a refusal to deliver."

All that is said in appellant's brief about Barry having an indemnifying bond is without weight. This was the voluntary act of Seymour, done when the attachment was first issued—done for the purpose of stimulating the constable to proceed with dispatch. Nor can that fact have any bearing on this case. It could in no way excuse the plaintiff from making formal demand for the goods, if they were really his.

II. The appellant's second point runs outside the track of this case. 1. The record shows no deputy constable, but a *keeper* only, who is the mere servant, but not the officer of Barry. There was no evidence showing the keeper was also deputy, qualified and appointed according to law.

The opinion of the Court was delivered by Mr. Justice HEYDEN-FELDT. Mr. Chief Justice MURRAY and Mr. Justice TERRY concurred.

We think that, as in the case of Daumiel *v.* Gorham, 6 Cal., (Jan. Term, 1856,) the officer was entitled to notice of the plaintiff's claim to the goods, and a demand for them.

The fact that the officer had already obtained indemnity, will not affect this right. The notice of another's claim to the goods might materially affect the character of the indemnity which an officer might require.

The conversation between Taylor and the constable's bailee of the goods, cannot be held as notice to the constable.

Judgment affirmed.