## W. BOULWARE *v.* C. C. CRADDOCK, JAMES O. HARRIS, AND SAMUEL H. PIPPIN.

DEMAND ON SHERIFF FOR PROPERTY WRONGFULLY TAKEN.—If a Sheriff, by virtue of an execution, seizes the property of a person other than the judgment debtor, whether by mistake or design, it is not necessary for the owner of the property thus seized to make a demand on the Sheriff before commencing suit.

APPEAL from the District Court, Tenth Judicial District, Sutter County.

This was an action brought against Craddock, a Constable in Sutter County, and his bondsman, to recover the value of two horses alleged to have been wrongfully seized and sold by Craddock as such Constable.

The plaintiff was the owner of the horses, and in May, 1865, they strayed away from his premises, and continued to graze on uninclosed lands until July, 1865, when one Wm. Eaton took them into his possession. In August, 1865, defendant Craddock, as Constable, received an execution in favor of George Fry and against said Eaton, and finding the horses in Eaton's possession, and supposing they were his property, seized them, and on the 14th of August sold them as Eaton's property. The plaintiff was not informed of the seizure and sale of his horses until fifteen days after they had been sold, when he informed Craddock that he owned the horses, and asked him where they were, and Craddock told him who the purchaser was and where he lived. Plaintiff did not make any demand on Craddock for the horses or their value before bringing suit.

The Court below held that a demand was necessary to entitle plaintiff to recover, and gave judgment for defendant.

Plaintiff appealed.

*L. J. Ashford,* for Appellant, contended that the seizure was wrongful and no demand was necessary, and cited *Ackee v. Campbell,* 23 Wend. 372 ; and *Ledley* v. *Hays,* 1 Cal. 160 ; Hilliard on Torts, 382–3 ; *Bond* v. *Ward,* 7 Mass. 125 ; and *Scriber* v. *Masten,* 11 Cal. 303.

*J. Hart*, for Respondents, argued that the Sheriff having found the property in the possession of the judgment debtor, and having seized it without knowledge that it belonged to plaintiff, was not a trespasser, and that a demand was necessary, and cited *Kelly* v. *Scannell*, 12 Cal. 75 ; *Taylor* v. *Seymour*, 6 Cal. 514 ; Crocker on Sheriffs, Sec. 846 ; and *Hull* v. *Camly*, 1 Kernan, 508.

By the Court, SHAFTER, J. :

In an action against a Sheriff for a seizure and conversion of the plaintiff's property, taken under process against a third person, a demand upon the defendant prior to the bringing of the suit is not necessary to a recovery. The Sheriff having misapplied his process, and whether by mistake or design will make no difference, stands in the position of every other trespasser, and is liable to an action the instant the trespass is committed. The circumstance that the property was in the possession of the execution debtor at the date of the seizure amounts to nothing except upon proof of fraud or commixture. The rule of the common law is correctly stated in *Ledley* v. *Hays*, 1 Cal. 160, and the correctness of that decision is impliedly recognized in *Daumiel* v. *Gorham*, 6 Cal. 44. The statement of facts in *Taylor* v. *Seymour*, 6 Cal. 512, is imperfect; but if that case is to be understood as laying down a different rule, then we prefer to follow *Ledley* v. *Hays*. (See also *Codman* v. *Freeman*, 3 Cush. 314; and *Ackee* v. *Campbell*, 23 Wend. 371.)

The judgment is reversed, and the Court below is directed to render judgment upon the findings in favor of the plaintiff.

Mr. Justice RHODES expressed no opinion.