BELA WELLMAN AND JOHN M. PECK, RESPONDENTS. *v.* SAMUEL ENGLISH, APPELLANT.

CLAIM AND DELIVERY OF PERSONAL PROPERTY.—In an action for the delivery of personal property, under the code, the plaintiff may or may not, at his election, seek its *immediate* delivery.

ACTION AGAINST SHERIFF—No DEMAND.—No demand is necessary before suing a Sheriff for personal property tortiously taken by him.

TORTIOUS TAKING.—If a Sheriff take property not belonging to the defendant in the writ, whether in his possession or not, the taking is tortious.

APPEAL from the District Court of the Second District, Tehama County.

The defendant appealed.

The action was against a Sheriff for the delivery of personal property tortiously taken by him under an execution against persons, other than the plaintiffs, in whose possession the property was at the time of the taking.

The points appear in the opinion of the Court.

*W. P. Daingerfield,* for Appellant.

*E. W. Taylor* and *Wm. H. Fifield,* for Respondents.

SANDERSON, J., delivered the opinion of the Court.

*First*—We do not understand that a plaintiff in an action under Title VI., Chapter 2, in relation to the claim and delivery of personal property, is required, in order to maintain the action for a delivery, to take steps to secure the *immediate* delivery of the property, by making the affidavit and giving the undertaking required for that purpose. We understand that it is the *privilege* of the plaintiff to claim the delivery of the property at any time before the filing of the answer, but that it is not compulsory upon him to do so. The mere circumstance that he is required to claim the immediate delivery *before* the answer is filed, or not at all, seems conclusive that, whether he avails himself of that remedy or not, does not affect the question of ultimate relief. But if the question, notwithstanding the foregoing consideration, be doubtful, it is certainly put to rest by the further circum-

stance that the defendant may retain the property, if he elects to do so; and, also, by the character of the verdict. In declaring what the verdict shall be, the statute, in terms, provides for a case where the plaintiff has not claimed a delivery *before* the filing of the answer. (Pr. Act, Sec. 177.)

*Second*—The point that in an action against the Sheriff for property tortiously taken by him under an attachment or execution against some other person, the plaintiff must allege and prove a demand for its delivery prior to the commencement of the action, is not well taken. It was so declared in *Ledley* v. *Hays* (1 Cal. 160), and all the cases since then to the contrary, if any, have been overruled in *Boulware* v. *Craddock* (30 Cal. 190.) See, also, *Sargent* v. *Sturm* (23 Cal. 359), which is a case on all fours with this. If a Sheriff takes property which does not belong to the defendant in the execution, he takes it tortiously, although it be in the possession of the defendant in the execution at the time he takes it.

Judgment and order affirmed.

Mr. Justice SPRAGUE expressed no opinion.