SHIPTON et al., Trustees, etc., *v.* NORRID.

REPLEVIN *may be maintained by trustees of chattels.* Trustees of chattels, having the legal estate therein, may maintain an action at law for any injury done to or in respect to the chattels, which are the subject of the trust.

A declaration in replevin, in which the plaintiffs describe themselves as "Trustees of the Colored Zion Baptist Church of Denver, who sue for the use and benefit of said church," is good.

*Error to Probate Court, Arapahoe County.*

THE plaintiffs brought replevin to recover a melodeon, describing themselves in the writ and declaration as "Trustees of the Colored Zion Baptist Church of Denver." A general demurrer to the declaration was sustained in the court below.

Messrs. BROWNE, HARRISON & PUTNAM, for plaintiffs in error.

Messrs. CHARLES & ELBERT, for defendant in error.

WELLS, J.   The court erred in sustaining the demurrer to the plaintiffs' declaration.   If the goods in controversy were the goods of the plaintiffs, and the defendant took them, both which facts are distinctly averred, the plaintiffs may maintain this action, whether their title is an absolute or fiduciary one, or whether, if fiduciary, their *cestui que trust* is a corporation or a mere voluntary association.

There may exist a trust in chattels as well as in real estate; and if such trust be created for the benefit of a single individual or a corporation, or an association of persons not incorporated, the trustee having the legal estate is, in either case, the proper party plaintiff to an action at law for any injury done to, or in respect to, the chattels which are the subject of the trust.   And he need not, in his declaration, set forth how the trust was created or his title accrued, any more than one suing absolutely in his own right.   It is sufficient to aver the fact of his property and the injury.

If, upon the trial of this cause, it should appear that the plaintiffs, notwithstanding their trusteeship, had *not* the property in the goods in controversy, then, indeed, another question will be presented; but, for the present, the property is admitted by the demurrer, and the declaration is clearly sufficient.

The judgment of the probate court is reversed, and the cause is remanded to that court for further proceedings, in conformity with this opinion.

*Reversed.*