## SIMPSON BRICK-PRESS CO. v. MARSHALL.

1. The right to maintain an action in claim and delivery is not conditioned upon the making of an affidavit and undertaking, under sections 4972, 4973, Comp. Laws, for immediate possession.

2. Such statutory proceeding is ancillary, and may be resorted to or not, at the option of the plaintiff.

3. Where, in such action, plaintiff makes a claim against defendant for damages for detention, defendant may plead and prove a counterclaim, arising out of the same transaction, against such claim for damages.

4. Damages which are not the direct or natural result of a party's default, but of intervening and exceptional causes, are consequential, and are only recoverable against such party when it is shown that he knew

or ought to have known or forseen that such causes or conditions did or would likely exist, and so may be considered to have contracted with reference to or in contemplation of them.

5. Where defendant, engaged in the making and selling of brick in Rapid City, S. D., bought of plaintiff a brick press, to be shipped from Cleveland, Ohio, within a reasonable time, the shipping of which was delayed nearly sixty days, defendant was not entitled to prove in support of his counterclaim for damages for such delay that soon after giving such order he tore down the buildings in and dismantled his yard, thus rendering himself unable to make brick for his current trade or to fill orders theretofore taken, whereby he suffered loss, in the absence of any showing that plaintiff knew or ought to have known that such changes would be necessary or provident or would be made, or that defendant had not a sufficient supply of brick on hand for his current trade and contracts.

(Syllabus by the Court. Opinion filed July 17, 1894.)

Appeal from circuit court, Pennington county. Hon. WILLIAM GARDNER, Judge.

Action in claim and delivery. Plaintiff had judgment. Defendant appeals. Affirmed.

The facts are stated in the opinion.

*Schrader & Lewis,* for appellant.

The counter-claim for damages grew out of the contract for the sale of the machine and evidence of such damages should have been admitted. Comp. Laws, § 4915; Deford v. Hutchinson, 25 Pac. 641; Ames v. Reg. 19 S. W. 1063; Mattin v. Riley, 14 S. W. 1100; Rogers v. Kerr, 42 Ark. 100; Gardner v. Richer, 10 Pac. 594; Brown v. Buckingham, 11 Abb. Pr. 387; Bloodworth v. Stephens, 51 Miss. 475; Swelle v. Hadden, 19 S. W. 1087. Every class of evidence to defeat plaintiff's claim or give affirmative relief to defendant in replevin is admissible under a general denial. Sideaback v. Riley, 111 N. Y. 560; Maxwell Pl. 487; Creighton v. Newton, 5 Neb. 100; Bailey v. Bayne, 20 Kas. 657.

The action of claim and delivery cannot be maintained without giving the affidavit and bond required by law. Comp. Laws, §§ 4672, 4983; Willis. v. DeWilt, 3 S. D. 281; 52 N. W.

1090; Newell v. Murdell, 115 N. Y. 170; Qictotto v. Clement, 29 Cal. 414. In claim and delivery when the property cannot be recovered, the judgment for the plaintiff should be for the amount of his claim in the property only. Madison v. Farmer, 5 Dak. 282; Allen v. Judson; 71 N. Y. 77; Warner v. Hunt, 30 Wis. 200; Child v. Child, 13 Wis. 19; Wells Replevin, § 584; Gentry v. Templeton, 47 Mo. App. 55; Hall v. Tillman, 14 S. E. 745; Snook v. Reglan, 15 S. E. 364; Hays v. Jordon, 11 S. E. 833.

If the plaintiff rescinds the contract and takes possession of the property, he should first tender back the money received thereunder. Bringing an action to obtain possession of the property in this case is rescission. Tedwell v. Berkett, 6 S. E. 816; Hays v. Jordon, 11 S. E. 833; Aultman v. Olson, 45 N. W. 852; Sequest v. Crabwee, 131 N. S. 287; Comp. Laws, § 3591.

*Wood & Buell*, for respondent.

The action of claim and delivery sounds in tort and cannot be the subject of contract. McAllie v. McClaim, 12 N. W. 640; McEwin v. McKinnon, 11 N. W. 828; Reed v. Lewis, 10 S. 333. The tender to be good must always be pleaded and a willingness to pay shown. Leran v. Sternfeld, 25 Atl. 854; Becker v. Boon, 61 N. Y. 317. The defense of total or partial payment is new matter in confession and avoidance and must be specially pleaded. McKying v. Bull, 16 N. Y. 297; Knapp v. Runnals, 37 Mo. 135; Shipman v. State, 43 Wis. 381; Irwin v. Paulett, 1 Kas. 418; Clark v. Spencer, 14 Kan. 398; Mohr v. Barnes, 4 Colo. 350; Fewcter v. Goddard, 25 O. St. 276.

The appellate court will not consider the question of the insufficiency of the evidence to support the verdict unless the record contains all the evidence. State v. Chapman, 1 S. W. 414; 47 N. W. 411; McCormick v. Phillips, 34 N. W. 39; Canfield v. Boyle, 2 Dak. 464; Noyes v. Lane, 1 S. D. 125; 48 N. W. 322; St. Croix Lumber Co. v. Pennington, 2 Dak. 476; Kuatt v. Bessmer, 48 N. W. 922; Gilberk v. Miller, 47 N. W. 1016; In

re Holderman Est. 47 N. W. 898; Shanuck v. Burlington, 43 N. W. 228; Valley Land v. School, 50 N. W. 356. If the pleadings warrant legal relief only a party can have no equitable relief upon the evidence. Stevens v. Mayor, 84 N. Y. 295.

KELLAM, J. This is an action in claim and delivery. Respondent, as plaintiff, alleged in its complaint that it was the owner, and entitled to the immediate possession, of a machine described as a "Four-Mold Improved Simpson Brick Press," of the value of $4,000, which the defendant detained and refused to deliver after demand. It also alleged and claimed $1,000 damages for such detention. The answer of the defendant denied generally the allegations of the complaint, "except as hereinafter specifically admitted." The answer contains no admissions, but "for a further defense and for counterclaim" sets up facts of which the following is a brief statement: That on the 20th day of May, 1892, defendant was, and still is engaged in the manufacture of brick at Rapid City, S. D.; that on that day plaintiff sold the said brick press to defendant, "and as an inducement and a part of said contract the plaintiff, for a valuable consideration, agreed in writing with the defendant to ship and deliver to defendant said brick press forthwith, and further agreed to furnish and deliver to defendant on demand all repairs and duplicates for any parts broken for the same for two years thereafter; that plaintiff, although often requested, and although notified that defendant had torn out the machinery formerly used by him, and could manufacture no more brick until the delivery to him of such press, neglected and failed to deliver the same until the 16th day of July following, whereby defendant was unable to manufacture or furnish brick sufficient to fill contracts already entered into, or to meet the demands of his trade, to his damage in the sum of $1,500; that plaintiff also refused to ship defendant the repairs as agreed upon, to his damage of $34.85; and that all of said damage grew out of the said contract of sale. The answer demands judgment

against plaintiff in the said sum of $1,534.85. To such counter-claim plaintiff replied, setting out at length the written contract under which the brick press was sold, and denying all other facts alleged. The case was brought to trial before a jury. At the conclusion of the evidence the court directed a verdict for the plaintiff. From a judgment on such verdict defend ant, after denial of motion for a new trial, brings this appeal.

At the commencement of the trial, defendant objected to the introduction of any evidence by the plaintiff, on the ground that no cause of action was stated in the complaint, the particular point being that under our statute an action in claim and delivery is only sustainable where plaintiff makes affidavit and undertaking for immediate delivery as provided in Comp. Laws, § 4972 *et seq.* The trial court was clearly right in overruling this objection. The right to maintain the action does not depend upon the plaintiff making claim under the statute, for immediate delivery. This is a privilege secured to him by the statute, but it is not compulsory. He may waive it if he choose, and leave the property claimed in the hands of the defendant until the right of possession is settled by the judgment of the court. The proceeding authorized by the statute to enable the plaintiff to obtain immediate possession is ancillary. He may resort to it or not, at his option. Wellman v. English, 38 Cal. 583; Vogel v. Babcock, 1 Abb. Pr. 176; Corbin v. Milton, 27 How. Pr. 84; Batchelor v. Walburn, 23 Kan. 517; Benjamin v. Smith, (Minn.) 44 N. W. 1083.

The claim of error most earnestly urged by appellant is in rejecting certain evidence offered by him designed to prove the nature and amount of his damage, caused by the delay of plaintiff in shipping the machine. It is conceded that the machine was sold under a written contract, which was in evidence. In this contract no time is fixed for the shipping of the press by the plaintiff, or its delivery to defendant. On this point the contract is entirely silent. The plaintiff simply agreed to place the press on board cars at Cleveland, Ohio, addressed to de-

fendant at Rapid City.   On its receipt defendant was to have 45 days for operating and testing it.   If within or at the end of that time defendant elected not to accept the machine, he was to notify plaintiff in writing, and promptly place the same on the cars at Rapid City, subject to plaintiff's order.   Failure to so notify plaintiff was to be held an acceptance of the machine by defendant under the terms of the agreement.   The price of the machine was $4,000 of which $250 was to be paid on the execution of the contract, $1,000 on acceptance of machine, and remainder in installments, for which notes were to be given.   The down payment of $250 was made, and $250 of the $1,000 was receipted on the contract.   Nothing more had been paid.   The contract contained the following stipulation: "(10) It is understood and agreed that the title to and right of possession of said brick press remain vested in the party of the first part absolutely until the whole of the purchase price is fully paid by the party of the second part as herein provided; and it is further understood and agreed that the accepting of notes by the party of the first part as evidence of said indebtedness shall not be taken as payment of said purchase money until said notes are fully paid."   If this stipulation is an operative one, it would seem very definitely to settle the respective rights of the parties to the possession, for it secured to plaintiff the right of possession if he chose to assert it, until the machine was fully paid for.   Appellant, however, contends that it was error to allow plaintiff an alternative judgment for $4,000, the price of the machine, when it appeared that defendant had paid $500 on it, so that plaintiff's interest in the same would apparently only have been $3,500.   But defendant made no such claim in the trial court.   A defendant's answer is intended to outline his defense.   It should state on what he relies to defeat the plaintiff's alleged cause of action.   He may deny the facts alleged in the complaint, or he may avoid their effect by affirmative matter.   Here the complaint alleged that plaintiff was the owner and entitled to the possession of the brick

press involved. The answer, except as to the counterclaim, which will be noticed later, simply denied these allegations,—denied that the plaintiff was the owner, or entitled to the possession. There was no allegation or notice of any affirmative matter—as of partial payment—raising equities between the parties to be adjusted by the court. The issue tendered was the single one of ownership and right of possession. That defendant had made a partial payment came out on the trial incidentally only. At best, it could not effect the issue tendered by defendant. But, conceding all the appellant claims as the effect of this fact of partial payment, it could not defeat plaintiff's right to a verdict in his favor upon the question presented by the pleadings. It would only go to the amount of plaintiff's recovery as the value of the property in case of nondelivery, but this question the court did not touch in its direction of a verdict for the plaintiff. This was left entirely to the jury.

The jury found the value of the property to be $4,000. If in this respect, the verdict, upon the evidence, was wrong, it was the mistake of the jury, and not of the court, and might have been made the ground of a motion for a new trial. A motion for a new trial was made on the ground, among others, of the insufficiency of the evidence to justiy the verdict "in the following particulars: (1) There is no evidence to prove that the defendant wrongfully detained any property of the plaintiff's. (2) There is no evidence tending to show that the plaintiff was entitled to the possession of the property described in the complaint, or any part thereof." It seems very plain that the question now raised has never in any form been passed upon by the trial court, and consequently is not properly reviewable here.

This brings us to the question of the counterclaim, based upon delay in shipping the machine. It is hardly necessary to discuss the question whether, or under what circumstances, in a replevin action, in which plaintiff claims nothing but a recovery of the property, a counterclaim may be pleaded and proved,

for or on account of which the defendant in his answer asks no relief, makes no suggestion or claim of his desire or intention to have such damages appropriated or applied to reduce the plaintiff's interest in the property, but, on the other hand, demands a personal judgment therefor against the plaintiff; for in this case, in addition to the recovery of the property, plaintiff claimed damages for its detention, and we perceive no good reason, under the present policy of the law, why the counterclaim, if otherwise good, should not be available to defendant against such independent claim for damages. See Cobbey, Repl. § 795; and references. If, then, the damages claimed by defendant were proper in character, and were provable under the allegations of his answer, it was error in the court to refuse competent evidence tending to prove them. The ground of the counterclaim, as stated in the answer, was that plaintiff agreed in writing to ship and deliver the brick press forthwith, and that it did not do so. As already noticed, the agreement was "to place on board cars in Cleveland, Ohio," etc. No time was fixed by the contract within which this should be done. Without such agreement, the time would simply be a reasonable one; under some circumstances, and perhaps here, equivalent to forthwith. By the testimony of both parties the contract under which the machine was shipped was signed at Rapid City on the 20th day of May. It was shipped at Cleveland, Ohio, on the 16th day of July. Ordinarily, the question of the reasonableness or unreasonableness of the delay, under all the circumstances, would have been a question for the jury; but conceding that upon the evidence and under this answer the jury would have been justified in finding that the machine was not shipped within a reasonable time, we are of the opinion that the evidence offered to sustain the claim for damages was properly rejected. It was sought to be proved by defendant that immediately after signing the agreement he tore down the old buildings, and dismantled his brick yard, so that he was unable to manufacture brick to supply his trade, and fill contracts al-

ready made, and thus lost the profit on the same. Without any allegation or evidence that plaintiff knew that this was to be done, or that such course would be or was necessary, or even provident, and so presumably within the contemplation of the parties, the plaintiff could not be held liable therefor. There was no evidence in the case tending to show that when plaintiff contracted to furnish this machine on board cars at Cleveland, within a reasonable time, it had any knowledge or notice, actual or imputable, that defendant would at once disable himself from the further manufacture of brick in the old way, or that he did not have on hand sufficient brick to supply his trade during the ensuing 60 days, or to fill contracts for that time, or that he had any contracts to be filled. The damage to defendant was consequential, not flowing directly or immediatly from defendant's alleged default, but from changes made by defendant himself, with nothing to show that such changes were then necessary, or that plaintiff had knowledge that they were to be made, and so should be held to have contracted with reference to them. They were neither the direct result of its default, nor, upon the facts shown, were they the result of any conditions known to plaintiff when it made its contract. Under these circumstances, such consequential damages were not provable against plaintiff. 1 Suth. Dam. p. 74 and cases cited in notes. To reverse this judgment on that account would require us to assume a fact which we cannot know judicially, and which there was neither allegation asserting nor evidence tending to prove.

No evidence was offered upon which the jury could have assessed damages for failure to furnish repairs. It simply appeared from defendant's testimony that "some pieces" were broken,—"one side of the mold gave way." Whether this occurred under circumstances making plaintiff liable, as provided in the contract, did not appear; nor was there any evidence offered as to the value of the repairs, nor as to the damages resulting from plaintiff's failure to supply them. The

excluded evidence was as to "what damages you have been put to by reason of the delay occasioned in the delivery of the machine." We think we have considered all the questions presented to the trial court. The judgment is affirmed. All the judges concur.