## DAGGETT v. GRAY et al.*

### No. 19,410; June 27, 1895.

#### 40 Pac. 959.

Receiver.—The Complaint in an Action by a Receiver as such, for the conversion of property during his receivership, must allege that his insolvent was the owner or entitled to possession of the property.

Receiver.—A Complaint in an Action by a Receiver, as such, which alleges that the plaintiff was, on a certain date, by order of court in a certain suit against his insolvent, appointed receiver of the insolvent's property, with the right to take possession of and to sue for and demand the same, sufficiently avers plaintiff's appointment as receiver, and his right to sue.

Trover—Demand.—In an Action for Conversion of property by unlawful detention, where the original possession was lawful, the complaint must allege a demand and refusal.[1]

APPEAL from Superior Court, San Diego County; E. S. Torrance, Judge.

Action by Henry Daggett, as receiver, against Will M. Gray and others for conversion of property of his insolvent. From

---

*For subsequent opinion in bank, see 110 Cal. 169, 42 Pac. 568.

[1] Cited in Ah Hoy v. Raymond, 19 Haw. 574, holding that in an action for conversion demand and refusal are necessary when the original taking was lawful, but not when it was wrongful or there was an illegal assumption of ownership or an illegal user.

a judgment for plaintiff and an order denying a new trial defendants appeal.   Reversed.

Parrish & Mossholder and Walter Rose for appellants; Johnstone Jones and D. L. Withington for respondent.

SEARLS, C.—This action is brought by the plaintiff, as the receiver of one E. M. Brickey, to recover damages in the sum of $5,500 for the conversion by defendants of a stock of drugs, claimed to have belonged to said E. M. Brickey, and to which plaintiff, as receiver, claimed to be entitled.   The cause was tried by the court without a jury, and judgment rendered in favor of plaintiff for $915 damages, from which judgment, and from an order denying their motion for a new trial, defendants appeal.

Defendants interposed a demurrer to the complaint upon the ground that it failed to state facts sufficient to constitute a cause of action, which demurrer was overruled by the court, and the ruling is assigned as error.   The complaint may be epitomized thus: By an order of the superior court made March 17, 1893, in the case of Mollie S. Brickey, Plaintiff, v. Enoch M. Brickey, Defendant, plaintiff was appointed receiver of the property of defendant, with authority to take and keep possession of the property, receive rents, etc., to sue for and demand the property of said Brickey, and to demand from Brickey or Braun & Co. the stock and fixtures in the drug-store in the Hotel Brewster building, etc.   He filed a bond and duly qualified.   On said seventeenth day of March, 1893, the plaintiff, as such receiver, was the owner and lawfully entitled to the immediate possession of a stock of goods in the drug-store in the Hotel Brewster building, in San Diego. That on said last-named day "defendants [who are averred to be copartners under the name of F. W. Braun & Co.], then being in possession of said goods, unlawfully converted and disposed of the same to their own use," to plaintiff's damage, etc.

From the foregoing it will be observed that the receiver brought the action in his own name, as receiver, which he well might do under section 568 of our Code of Civil Procedure. There are a few cases in which a trustee, by reason of the title to the trust property being vested in him under the law, may sue in his individual name without any allegation or reference

to the fiduciary relation which he occupies. This is notably so in the case of an assignee in insolvency: Dambmann v. White, 48 Cal. 439. So, too, an executor, administrator, receiver, or other trustee may in like manner sue in his own name, where the contract sued on has been entered into with him, and no extrinsic facts need be alleged. But in those cases where the obligation is not incurred to him directly, and in which title to the subject matter is not vested in him by operation of law, and the trustee is called upon to protect trust property, or, otherwise, to bring an action for the benefit of the beneficiary, when no contract has been made with him in his own name, and when his right to represent the beneficiary will not appear without showing the facts which create the trust, then not only the facts must be pleaded showing the cause of action, but also the authority of the trustee to enforce it: Bliss, Code Pl., secs. 262–264, and cases there cited. In the present case there is probably a sufficient allegation of the appointment of plaintiff as receiver of the property of Enoch M. Brickey, and of his right to bring the action. There is not, however, any distinct allegation that Brickey ever owned or possessed the property claimed to have been converted by the defendants. If Brickey was not the owner thereof, the plaintiff could not have become the owner, or entitled to the possession thereof, by virtue of his appointment as receiver, and it is in this latter capacity that he brings the action. "In general, a receiver, by virtue of his appointment, is clothed with only such rights of action as might have been maintained by the persons over whose estate he has been appointed, and to whose rights, for purposes of litigation, he has succeeded. It is essential, therefore, in order to sustain a suit brought by him in his representative capacity, that he should allege and set forth the equities of the parties whose rights of action he represents," etc.: High, Rec., 3d ed., sec. 201; Falkenbach v. Patterson, 43 Ohio St. 359, 1 N. E. 757; Coope v. Bowles, 28 How. Pr. (N. Y.) 10, 42 Barb. (N. Y.) 87. So far as is shown by the complaint in this case, the defendants are liable to the plaintiff here to the same extent, and no greater, than they would have been to Enoch M. Brickey, had no receiver been appointed; and the complaint should show that but for such appointment Brickey would have had a cause of action against the defendants, which, by virtue of his appointment, plaintiff is entitled to maintain.

Again, the complaint fails to show that the taking of the property by defendants was unlawful, and yet it fails to aver a demand for its return before suit brought. In cases where the original possession of property is acquired by tort, no demand is necessary before suit brought: Paige v. O'Neal, 12 Cal. 496. But where the original possession is lawful, and the detention only is unlawful, a demand is necessary before the action can be maintained: Campbell v. Jones, 38 Cal. 507; Boulware v. Craddock, 30 Cal. 190; Sargent v. Sturm, 23 Cal. 361, 83 Am. Dec. 118; Ledley v. Hays, 1 Cal. 160. We are of opinion the complaint was fatally defective.

The judgment and order appealed from should be reversed, and the court below directed to sustain the demurrer to the complaint, with leave to the plaintiff to amend if he shall be so advised.

We concur: Belcher, C.; Britt, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment and order appealed from are reversed, and the court below directed to sustain the demurrer to the complaint, with leave to the plaintiff to amend if he shall be so advised.