## No. 12,461.

BLACKMER ET AL. *v.* BLACKMER.

(289 Pac. 366)

Decided June 2, 1930.

Mr. CHARLES E. FRIEND, for plaintiffs in error.

Messrs. ENOS, HEALY & CHISHOLM, Mr. RALPH G. LINDSTROM, Mr. HAROLD W. PERRY, for defendant in error.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the court.

HATTIE R. Blackmer sued the D. F. Blackmer Furniture and Carpet Company and D. F. Blackmer, its president and her husband, to recover possession of certain certificates representing 4,000 shares of stock in defendant company, alleging ownership and the right to possession thereof. The defendants demurred to the complaint on the ground of insufficient facts and misjoinder of parties defendant. Electing to stand upon the demurrer which was overruled, the court entered judgment for the plaintiff, to review which this writ is now prosecuted.

The complaint alleged plaintiff's ownership and right to possession and the unlawful detention by defendant, the D. F. Blackmer Furniture and Carpet Company. These allegations state a cause of action as against said company and the demurrer as to it was properly overruled. *Illinois Sewing Machine Co. v. Harrison,* 43 Colo. 362, 96 Pac. 177; *Shipton v. Norrid,* 1 Colo. 404; *Baker v. Cordwell,* 6 Colo. 199; *Benesch v. Waggner,* 12 Colo. 534, 21 Pac. 706.

The issuance of the writ of replevin provided for in the Code, p. 117, section 85, C. L. '21, is an ancillary remedy and is optional with the plaintiff. The failure of the plaintiff to allege and prove the execution of the writ of replevin does not deny him the right to have his case determined. Shinn on Replevin, p. 281, sec. 323; 34 Cyc. 1451, C. p. 1457, 4; 23 R. C. L. 920, sec. 87; *Colburn v. Riley,* 11 Colo. App. 184, 52 Pac. 684; *Hart v. Moulton,* 104 Wis. 349, 352, 80 N. W. 599; *Simpson Brick-Press Co. v. Marshall,* 5 S. D. 528, 59 N. W. 728; *Eads v. Stephens,* 63 Mo. 90; *Varner v. Bowling,* 54 Kan. 380, 38 Pac. 481; *Hodson v. Warner,* 60 Ind. 214.

In *Simpson Brick-Press Co. v. Marshall, supra,* the court states at page 532: "The right to maintain the action does not depend upon the plaintiff making claim under the statute, for immediate delivery. This is a privilege secured to him by the statute, but it is not compulsory. He may waive it if he choose, and leave the property claimed in the hands of the defendant until the right

of possession is settled by the judgment of the court. The proceeding authorized by the statute to enable the plaintiff to obtain immediate possession is ancillary. He may resort to it or not, at his option.''

■ It is urged, and we think correctly, that the complaint states no cause of action as to defendant D. F. Blackmer. The complaint alleges ''that the defendant, D. F. Blackmer, the president of the defendant the D. F. Blackmer Furniture and Carpet Company, has participated, counseled and advised in said wrongful withholding of stock certificates by the defendant, the D. F. Blackmer Furniture and Carpet Company, and still continues to participate, counsel and advise therein. This allegation is wholly insufficient to state a cause of action against D. F. Blackmer and to support the judgment rendered against him. Certainly Blackmer could not have been compelled to return the certificates which were not alleged to have been in his possession and unlawfully detained by him. The court erred in not sustaining the demurrer as to the defendant, D. F. Blackmer, and in rendering judgment against him.

The judgment is accordingly reversed and the cause remanded with directions to vacate the judgment and proceed with the trial of the case in accordance with the views herein expressed.