No. 12,929.

BLACKMER ET AL. *v.* BLACKMER.
(21 P. [2d] 180)

Decided April 10, 1933.

Mr. Charles E. Friend, for plaintiffs in error.

Mr. Benjamin E. Sweet, Mr. James A. Marsh, Mrs. Jean Stauffer Perkins, Mr. Charles R. Enos, Mr. Harold W. Perry, for defendant in error.

*In Department.*

Mr. Justice Bouck, sitting for Mr. Justice Butler, delivered the opinion of the court.

Our review is of a judgment rendered by the district court in an action of replevin or, as the Code of Civil Procedure terms it, an action to recover possession of personal property. The plaintiff below was Hattie R. Blackmer, the defendant in error here. She sued to recover four certificates of capital stock of the D. F. Blackmer Furniture & Carpet Company, one for 2500 shares (which Mrs. Blackmer claims was a gift to her from her husband and still is hers) and each of the other three for 500 shares, the latter three representing stock dividends earned by the former. Both the company and its president, David F. Blackmer, husband of the plaintiff, were defendants below. They are plaintiffs in error here, seeking a reversal.

This case was before us, with the same parties occupying the same relative position, in *Blackmer v. Blackmer,* 87 Colo. 483, 289 Pac. 366, where we considered the sufficiency of the first amended complaint as against both Blackmer and the company, who stood on the demurrer interposed by them on the ground of insufficient facts and on the ground of misjoinder of parties defendant. Holding the amended complaint good as against the company, but bad as against Blackmer, we reversed the judgment and remanded the case. After denying the defendant Blackmer's motion for dismissal as to him, the trial court then granted Mrs. Blackmer time to elect to amend further. She accordingly filed her second

amended complaint. The first amended complaint, passed upon when the case was here before, had alleged that Blackmer "participated, counseled and advised" in the alleged wrongful detention of the certificates; the second amended complaint charges wrongful possession and detention thereof directly against Blackmer as well as against the company. Blackmer thereupon filed a motion to strike out certain portions of the second amended complaint, setting forth a number of different grounds. This motion was denied. A demurrer, then interposed by both defendants on the grounds of insufficiency of facts, and of defect and misjoinder of parties defendant, and of improper joinder of causes of action, was overruled. The defendant Blackmer thereupon filed his answer to the second amended complaint, a general denial.

■ By pleading over, any erroneous rulings on the motions and the demurrer herein were of course waived, except as they relate to the objection of insufficiency of the facts to constitute a cause of action. However, both motions were properly denied and the demurrer properly overruled; we hold that the second amended complaint does state a cause of action against each defendant. There is no inconsistency in saying that a corporation and its president may both be wrongfully withholding personal property in their joint possession. According to the record in this case, such possession seems clearly established.

■ ■ The evidence concerning the certificates in question, their history and ownership, was conflicting. The weight and credibility of it was for the lower court to determine. That court found the issues in favor of the plaintiff, Mrs. Blackmer. The record discloses no prejudicial error, and therefore we cannot set aside the findings and judgment entered.

The judgment is affirmed.

Mr. Chief Justice Adams and Mr. Justice Moore concur.