## KILLEY *v.* SCANNELL.

Lawful possession of personal property is *prima facie* evidence of ownership; and property thus possessed, is *prima facie* liable to be seized under a writ of attachment against the party in possession of such property.

In an action against a Sheriff to recover property thus seized, or its value, by the owner, it is necessary that the plaintiff should show affirmatively notice and demand before bringing suit, otherwise he cannot recover in such action.

In such a case, it is not necessary that the defendant should specially plead want of notice and demand, in order to make such a defense.

APPEAL from the Fourth District, County of San Francisco.

This was an action to recover the possession or the value of certain personal property, comprising the furniture, fixtures and stock of the "Empire State Saloon."

The property was, on the nineteenth day of February, 1857, seized by the defendant as Sheriff of San Francisco county, under an attachment against one Wilson. Prior to the seizure of the property by the defendant, the plaintiff, by an instrument in writing, bargained and sold the property to Wilson, and, by the terms of the agreement, the property was to be delivered and paid for on the fourteenth day of February, 1857. On that day, Wilson paid a part of the purchase money, and the time for the payment of the balance was extended to the twenty-fourth of the same month. On the fourteenth of February, Wilson and one Kirk were in possession of the property, and appear to have been the proprietors of the saloon. This possession continued up to the time of the seizure of the property by the defendant as Sheriff.

The plaintiff's complaint contains no allegation, nor was there any proof on his part, of notice of his claim or demand of the property, prior to the bringing of this action.

Plaintiff had judgment on the report of a referee, to whom the case had been referred. The judgment was afterwards vacated and a new trial granted,—the District Judge rendering the opinion which follows the opinion of the Court in this case. Plaintiff appealed to this Court from the order granting a new trial.

5

*J. Clark* for Appellant.

1st. Conceding that the defendant's view of the law touching the liability of the Sheriff is correct, a new trial was not the proper mode of securing his right.

The facts had all been specially found by the referee, and no objection made to such finding. It was only his conclusions of law, and the judgment entered in conformity thereto, that was really in question.

This could have been raised upon motion, or upon appeal. No one of the seven causes for a new trial specified in the Act was or could have been assigned as ground for the motion for a new trial, the latter being merely a re-examination of an issue of fact. Practice Act, secs. 192 and 187 ; Gruyson *v.* Gould, 4 Cal. 122.

2d. The plea of justification alleging that the property was taken under process against a third person (alleged to be the owner of it) is held as *amounting to the general issue.*

To have obtained the protection which it is claimed the Sheriff is entitled to—that is, that he should not be liable to an action until demand, where the property taken was in the apparent possession of the person against whom the process was directed, he should have pleaded these matters specially, traversing the claim of damages, without claiming a return of the property. Chitty's Pleadings, vol. 1, p. 556 to 564.

3d. A Sheriff taking property under a replevin order, is protected against all the world, except upon affidavit and notice by statute. See Practice Act, sec. 109.

With this exception, as against the true owners, the Sheriff under process against a third person can claim no other protection or right than that of such third person himself.

*Delos Lake* for Respondent.

1. The property being in the lawful possession of Kirk and Wilson, it was the duty of the defendant as Sheriff, with process against them, to levy on and seize it, and he was not a trespasser for so doing. Camp *v.* Chamberlin, 5 Denio, 199; 8 Bar. and Cress. 132; Williams *v.* Lownds, 1 Hall Superior Court R. 595 ; Bond *v.* Ward, 7 Mass. 123.

Killey *v.* Scannell.

2. No action, therefore, can be maintained against the defendant without a demand by the true owner.   6 Cal. R. 43; *Ib.* 512.

3. On the finding of facts by the referee, the defendant is entitled to judgment final for the return of the property or its value, as found by the referee.   No new trial is necessary.

4. The order setting aside the referee's report should be affirmed, and the Court below directed to enter judgment for a return of the property; and in case return cannot be had, that defendant recover six hundred and fifty dollars, with costs.

TERRY, C. J., delivered the opinion of the Court—BALDWIN, J., concurring.

The judgment is affirmed for the reasons given in the written opinion of the Judge of the Fourth District filed in the record.

The following is the opinion of the District Judge referred to in the foregoing opinion of this Court:

" There is no allegation or proof on the part of the plaintiff that he either gave notice of his claim to, or demanded the property in question of, the defendant before the commencement of his action. Wilson being in the possession at the time of the levy, and having apparently the control of the property, was *prima facie* the owner. It was the official duty of the defendant as Sheriff to levy on all property found in the possession of Wilson as ostensible owner, and this property under the proof was *prima facie* liable to be attached.   If it was in fact the property of the plaintiff or any other person, the real owner might have made his claim to it, and tried the question of title in a summary way, as authorized by our statute or by an action of this kind.

" Defendant having seized the property by virtue of his office and process, while in the possession of the party defendant mentioned in the writ, was entitled to notice and demand from plaintiff before he can be held liable to an action for the possession or value.   Neither is it necessary, as was contended in the argument, that in order to make this defense defendant should specially plead want of notice and demand.   After the defendant proved the possession was in Wilson at

the time of the seizure, and justified under the process against him, the *onus* was on plaintiff to show affirmatively a proper demand and notice to enable him to recover.

"Report set aside and new trial ordered.

"HAGER, Judge."