[S. F. No. 84.   Department Two.—July 18, 1896.]

GEORGE H. FULLER DESK CO., RESPONDENT, *v.* JOHN J. McDADE ET AL., APPELLANTS.

CONVERSIONS—ATTACHMENT BY SHERIFF—POSSESSION OF DEBTOR.—The attachment by a sheriff of goods in the possession of the attachment debtor, which he has no reason to suppose to be the property of another, is in pursuance of the authority of the writ of attachment, and does not constitute a conversion of the property attached.

ID.—REFUSAL TO SURRENDER TO OWNER—NOTICE OF CLAIM—PLEADING.— Where facts are stated in a complaint, showing that upon notice of the true owner's claim, the sheriff refused to surrender to plaintiff as such owner, the possession of property attached in the hands of another person, under a writ of attachment against such person, the complaint states a cause of action for the recovery of the value of the property from the sheriff.

ID.—RECITAL IN PLEADING—DEMURRER—WAIVER OF OBJECTION.—The objection that facts showing a refusal to surrender possession after notice of plaintiff's ownership are stated by way of recital rather than directly, is waived by the absence of a special demurrer specifying that fault, and, in such case, the complaint cannot be treated as bad on that account.

ID.—DEMAND FOR PROPERTY—ACTION AGAINST SHERIFF AND DEPUTIES— MISJOINDER.—A complaint showing refusal of the sheriff to surrender possession of property attached after notice of plaintiff's ownership is not bad in not averring a demand for the property in the manner and form prescribed by section 689 of the Code of Civil Procedure; nor does the fact that the complaint is against the sheriff and the sureties on his official bond to recover the value of the property show any misjoinder of causes of action in tort against the sheriff, and contract of the sureties on his official bond.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. J. C. B. HEBBARD, Judge.

The facts are stated in the opinion.

*Matt I. Sullivan*, for Appellants.

Plaintiff, if entitled to any judgment at all, is entitled to a judgment for the return of the property in contro-

versy, or its value if delivery cannot be had. (*Riciotto* v. *Clement*, 94 Cal. 107; Wells on Replevin, 670, 675; Code Civ. Proc., sec. 667; *Berson* v. *Nunan*, 63 Cal. 550; *Kelly* v. *McKibben*, 54 Cal. 192.) Plaintiff's action is not for conversion, because there is no allegation in the complaint of conversion by the defendants. (*Triscony* v. *Orr*, 49 Cal. 612; *Edwards* v. *Sonoma Valley Bank*, 59 Cal. 136; *Balch* v. *Jones*, 61 Cal. 234; Maxwell on Code Pleading, 326; Chitty on Pleading, 16th ed., 181; Pomeroy's Remedies and Remedial Rights, 2d ed., secs. 510, 580.) The demurrer should have been sustained, as there is no allegation in the complaint of demand upon defendant, McDade, in the manner required by section 689 of the Code of Civil Procedure. (*Edgerton* v. *Ross*, 6 Abb. Pr. 189; *King* v. *Orser*, 4 Duer, 431; *Barry* v. *McGrade*, 14 Minn. 163; *Killey* v. *Scannell*, 12 Cal. 75; *Himmelman* v. *Danos*, 35 Cal. 447; *Dodge* v. *Chandler*, 9 Minn. 97; *Savacool* v. *Boughton*, 5 Wend. 170; *Sheldon* v. *Van Buskirk*, 2 N. Y. 473.) There is a misjoinder of causes of action in joining a cause of action against McDade for a tort, and one against the sureties based on contract. (*Ghirardelli* v. *Bourland*, 32 Cal. 585; Code Civ. Proc., sec. 427.) When a sheriff finds personal property in the hands of a person against whom he holds an execution, he is entitled, in the absence of knowledge or information to the contrary, to presume that the defendant in execution is the owner of that property, and it is his duty to levy upon it as the property of such defendant. (Murfree on Sheriffs, secs. 925, 965; *Babe* v. *Coyne*, 53 Cal. 261; *Daumiel* v. *Gorham*, 6 Cal. 43; *Taylor* v. *Seymour*, 6 Cal. 514; Drake on Attachments, 6th ed., sec. 185 *a; Vose* v. *Stickney*, 8 Minn. 79.)

*H. R. Wiley*, for Respondent.

A statement of facts in the complaint constituting conversion satisfies the requirements of good pleading under the present system. (*Hutchings* v. *Castle*, 48 Cal. 155.) The allegation of notice and demand is sufficient.

It is not necessary to allege the contents of the notice and demand. (Code Civ. Proc., sec. 549.) The wrongful act of defendant McDade in having seized the goods of plaintiff, a stranger to the writ, was a breach of his official bond. (*People* v. *Schuyler*, 4 N. Y. 173; *Van Pelt* v. *Littler*, 14 Cal. 198; *Sam Yuen* v. *McMann*, 99 Cal. 497.)

BRITT, C.—Action against McDade and the sureties on his official bond given to qualify him for the office of sheriff of the city and county of San Francisco, to which he was elected in November, 1892. The condition of the bond was that he would perform the duties of his office according to law. Plaintiff alleged in its complaint that it was on May 25, 1893, and is now, the owner of certain goods described, of the value of eleven hundred and thirty-two dollars, at that date in the possession of the Carnall-Hopkins Company, a corporation; that on said May 25th McDade, in his capacity of sheriff aforesaid, and acting in virtue of a writ of attachment against the property of said Carnall-Hopkins Company, levied upon and took from its possession the said goods of plaintiff, and detains the same against plaintiff's will, "and notwithstanding that immediately thereafter plaintiff notified said defendant McDade that plaintiff was the owner thereof, and demanded possession thereof. . . . . That by reason of the wrongful conversion " of said goods, plaintiff was damaged in the sum of twelve hundred dollars, for which it prayed judgment. Defendants appeal from the judgment entered on a verdict in plaintiff's favor for the sum of eleven hundred and thirty-two dollars.

Appellants insist that the complaint at best makes a case for the recovery of the property seized, and that the judgment for its value—not as an alternative if delivery cannot be had—is erroneous, for, they say, no conversion of the property is alleged in the complaint. We agree with them that the taking from the possession of the Carnall-Hopkins Co., the defendant in the writ of

attachment, was not of itself a conversion of the property taken. "When an officer proceeds to execute an attachment, he is authorized to seize any personalty found in the defendant's possession, if he have no reason to suppose it to be the property of another." (Drake on Attachment, sec. 199.) We conceive this to be the correct rule, and in accord with most of the cases in this court touching the subject. (*Ledley* v. *Hays*, 1 Cal. 160; *Daumiel* v. *Gorham*, 6 Cal. 43; *Killey* v. *Scannell*, 12 Cal. 73; *Paige* v. *O'Neal*, 12 Cal. 483, 495; *Babe* v. *Coyne*, 53 Cal. 261; *Brichman* v. *Ross*, 67 Cal. 601; *Black* v. *Clasby*, 97 Cal. 482; Murfree on Sheriffs, secs. 964, 965.) Though a different doctrine seems to be taught in *Boulware* v. *Craddock*, 30 Cal. 190, and *Wellman* v. *English*, 38 Cal. 583. In order, therefore, to make out that the sheriff committed an actionable wrong, when, as in this instance, it is not charged in terms that he converted the property to his own use, facts should be stated to show that upon notice of the true owner's claim he refused to surrender the property. We think it must be held that such facts appear in the complaint here (*Arzaga* v. *Villalba*, 85 Cal. 191, 196, and cases cited); true, rather by way of recital, when they should have been alleged directly; but the demurrers interposed by defendants do not include this fault among the grounds they specify, and under the rule requiring objections based on such defects to be taken by special demurrer, we are not at liberty to treat the complaint as bad on that account. (*San Francisco* v. *Pennie*, 93 Cal. 465; *Santa Barbara* v. *Eldred*, 108 Cal. 294.)

Appellants claim further that the complaint is bad in that it does not allege a demand for the property in the manner and form prescribed by section 689 of the Code of Civil Procedure, as amended in 1891, and in that a cause of action against McDade for a tort is misjoined with a cause of action against his sureties based on their contract. These points have been ruled adversely to their contention in recent decisions. (*Brenot* v. *Robinson*, 108 Cal. 143; *Bell* v. *Peck*, 104 Cal. 35.)

The judgment should be affirmed.

SEARLS, C., and HAYNES, C., concurred.

For the reasons given in the foregoing opinion, the judgment is affirmed.

MCFARLAND, J., TEMPLE, J., HENSHAW, J.

Hearing in Bank denied.