KEYSTONE LUMBER COMPANY, Appellant, vs. KOLMAN, Respondent.

*April 27 — May 16, 1899.*

Res adjudicata: *Logs and lumber: License: Replevin: Ratification of trespass: Reimbursement.*

1. Every question decided by the appellate court on a former appeal is *res adjudicata* and absolutely binding, not only on the trial court but also on the appellate court.

2. A licensee to cut and remove timber may adopt and ratify the acts of a trespasser in cutting and manufacturing it into lumber, and replevy the lumber upon compensating the trespasser for services rendered and money expended in good faith in performing such work.

Keystone Lumber Co. vs. Kolman.

APPEAL from a judgment of the circuit court for Ashland county: JOHN K. PARISH, Circuit Judge. *Affirmed.*

The facts are stated in the opinion.

For the appellant there was a brief by *Tomkins & Merrill,* and oral argument by *W. M. Tomkins.*

For the respondent there was a brief by *Gleason & Sleight,* and oral argument by *Richard Sleight.*

CASSODAY, C. J.   This is an action of replevin to recover a large amount of pine lumber cut from the lands described. The plaintiff claimed title to the lumber under a license from the Wisconsin Central Railroad Company executed May 13, 1885, whereby it acquired the right to cut and remove for its own use, during the period of twenty years, " all the pine timber standing and being " on such lands. The defendant claimed title to the land under an agreement from the Wisconsin Central Railroad Company executed August 13, 1886, and a deed from the same company executed August 15, 1887, in which agreement and deed that company reserved to itself, its successors, survivors, heirs, and assigns, all the pine timber growing or to grow thereon, together with the right, by itself, its attorneys, servants, agents, and appointees, to enter upon and pass over and across the same, and to cut, haul, remove, and otherwise use all pine timber thereon growing, or to grow thereon, at all times, at its and their pleasure.   The defendant cut and removed the timber in question, and manufactured it into lumber.   The plaintiff made demand for the lumber, and, on refusal by the defendant to deliver the same, brought this action of replevin, and gave the requisite undertaking. The defendant gave no bond for the redelivery of the property to the defendant, and so the plaintiff sold the same, and converted the proceeds to its own use.   Upon the first trial the defendant recovered a verdict and judgment in his favor, which was reversed by this court, and the cause re-

manded for a new trial. *Keystone L. Co. v. Kolman,* 94 Wis. 465, 469. In that case it was held, in effect, that although the plaintiff claimed under a mere license, which did not vest the title to the timber in the plaintiff, yet, while the license remained unrevoked, the licensee might, after the defendant had wrongfully severed the timber from the soil, adopt such wrongful act as its own, and assume possession of the timber, and, if it did adopt and receive the benefits of such wrongful act, then it must also reimburse to the defendant what the latter had reasonably expended in its service. Although the writer of this opinion dissented from that decision, yet he feels bound by it as an adjudication of the court.

At the close of the last trial the jury returned a verdict to the effect: (1) That the defendant did in good faith acquire title to and enter upon the land from which the logs and timber were removed by him. (2) That the defendant did in good faith cut and remove such timber, and manufacture the same into lumber. (3) That the defendant necessarily and reasonably disbursed in cutting such timber, and manufacturing the same into lumber, $7,056.46; that the plaintiff was entitled to the possession of the lumber specified in its complaint, except the special interest which the defendant had therein for manufacturing the same; that the defendant unjustly took and unlawfully detained the same; that the damages which the plaintiff had sustained by the unjust taking and detention thereof were six cents; that the value of such lumber was $8,800. Thereupon it was adjudged that the plaintiff was the owner of the property so replevied herein, and was entitled to the possession thereof, after satisfying the special interest of the defendant therein for the enhanced value thereof; that the value of such property was $8,800; that the property was unlawfully taken and detained by the defendant; that the plaintiff was damaged by such taking and detention in the sum of six cents; that the de-

fendant had a special interest in such property, for the enhanced value thereof, in the sum of $7,056.46; and that the defendant have and recover of and from the plaintiff the sum of $7,056.46. From the judgment so entered the plaintiff brings this appeal.

It must be conceded that every question determined by this court on the former appeal is *res adjudicata*, and absolutely binding, not only upon the trial court, but also on this court. *Noonan v. Orton*, 27 Wis. 300; *Du Pont v. Davis*, 35 Wis. 638; *Lathrop v. Knapp*, 37 Wis. 312, 313; *Fire Department of Oshkosh v. Tuttle*, 50 Wis. 552; *Ellis v. N. P. R. Co.* 80 Wis. 459, 465; *Case v. Hoffman*, 100 Wis. 336–339, 351, 360. This being so, there can be no question but that the plaintiff had the legal right to maintain this action of replevin, subject to the conditions imposed by that decision. The theory of that decision is to the effect that although the defendant had no legal right to remove the timber and manufacture the same into lumber, yet, as he did so under claim of title and in good faith, the plaintiff might adopt and ratify his acts, and replevy the lumber, by compensating the defendant for what he had thus reasonably expended for the benefit and use of the plaintiff. In other words, that the plaintiff, as a mere licensee, would not be allowed to profit by services rendered and moneys expended in good faith under claim of title, without making the defendant good for such expenditures and services. The stumpage value of the timber was $1 per thousand feet, and the rescale of the lumber made the amount 767,110 feet, which, at $1 per thousand feet, was $767.11. This is considerably less than was allowed to the plaintiff by the jury and the trial court. Upon no theory is the plaintiff aggrieved, and hence it has no ground of complaint. *Ackley v. Vilas*, 79 Wis. 160; *Day v. Buckingham*, 87 Wis. 219.

The plaintiff objects to the allowance of $7.67 paid by the defendant for surveying the land. There is evidence tend-

ing to prove that such survey was necessary and proper, and assented to by the plaintiff. But the plaintiff's principal objection is to the allowance of $450 for the defendant's services in cutting and manufacturing the timber into lumber, on the ground that in doing so he was a trespasser. But, as indicated, such trespass was adopted and ratified by the plaintiff, and, as determined by this court, was for the use and benefit of the plaintiff. In any view of the case, the plaintiff was allowed by the jury and the court all that it was entitled to, and hence it was not aggrieved by the judgment of the trial court.

*By the Court.*— The judgment of the circuit court is affirmed.