## JOSEPH O. ACREE *v.* WILLIAM H. BUFFORD.

1. REPLEVIN. *Exemplary damages. Evidence. Good faith.*

    In replevin for logs, in which exemplary damages are claimed by the plaintiff, the defendant's deed to the land from which they were cut is admissible in evidence to show his good faith and non-liability for exemplary damages, although the deed had since the taking of the property been adjudged void on grounds not affecting his integrity.

2. SAME.

    A defendant who in good faith purchased and obtained a deed to timbered land, and who found thereon freshly cut logs, which he reasonably believed were cut after his purchase, is not liable for exemplary damages for taking the logs, although it be ascertained that his deed was void on grounds not affecting his integrity, and that he did not purchase the logs.

3. SAME. *Costs of preparing for and transporting to market. Measure of damages.*

    In replevin by the owner against one who has removed timber from the lands upon which it grew, believing in good faith that he had title, defendant should be permitted to show in reduction of damages the costs of preparing the timber for and transporting it to the market where it was seized.

· FROM the circuit court of Jackson county.

HON. JAMES H. NEVILLE, Judge.

Bufford, appellee, was plaintiff, and Acree, appellant, defendant in the court below.   The opinion states the case.

. *Mayes & Harris,* for appellant.

· It must be remembered here that the immediate question before the court in relation to the liability of the defendant for special damages including court attendance and attorneys' fee turns upon the question of defendant's good faith.

On this point it was manifestly proper to show the claim of title that he had to the property.   That title might have been well founded or ill founded, but the ultimate and final strength of his title does not determine the question of his good faith. He may have had no title, but notwithstanding that, may have acted in good faith, and may not be liable for these special damages.

The court below seems to have excluded the deed because the chancery record, which was introduced, resulted in a decree holding the deed to be void.   But while the validity of the deed was necessary to enable the defendant to keep the property and defeat the plaintiff in replevin, it was not necessary in order to enable the defendant to exonerate himself from special damages.   The law in regard to this matter is perfectly well settled in this state.   *Railroad Co.* v. *LeBlanc,* 74 Miss., 626; *Bond* v. *Griffin,* 74 Miss., 599.

It may be said that the turning point of the whole appeal is the question of good faith; that the court submitted the question of good faith to the jury with its instruction in behalf of the plaintiff; and that the jury responded to the instruction, found against the good faith of the plaintiff, and assessed against the plaintiff special damages.   The answer to this proposition is twofold.

First. The verdict of the jury against the good faith of the plaintiff was without any testimony whatever to support it.

The law presumes good faith *prima facie;* there must be circumstances of evidence in the case to overturn that presumption; and in this case there were none.

Second. It was in connection with this other point of good faith that the action of the court in excluding the deed from Vizard to Acree became so important and damaging. His deed was the evidence of his good faith. It is true that that deed had been before the trial by the chancery court declared void. But at the time when defendant took the logs, acting through his agent, the deed had not been declared void, and the defendants in the chancery cause had not even filed their answers assailing this title. Still the court excluded his deed; and having ruled out that which was his best evidence of good faith, proceeded to allow the jury, without testimony, to convict him, to hold him guilty of bad faith and mulct him in damages accordingly.

The chancery record offered in evidence was itself evidence of good faith; and it was evidence which was undisputed in this case by any other testimony. It was held to be such evidence in the *LeBlanc case,* cited above. The whole decision on the question of good faith in the *LeBlanc case* turns on the interpretation of the chancery suit which the railroad company finally lost, but which sufficed to protect that company on the question of good faith and the measure of damages.

*Green & Green,* for appellee.

This timber had been severed from the land at the time appellant claimed to have purchased the land. Mr. White, his agent, proceeded to move it off, because he saw it there "partly finished in the woods and nobody wanted it."

It is too plain for argument that the deed did not pass title to this timber which by being severed became personalty. *Heard* v. *James,* 49 Miss., 244.

To prove that Vizard conveyed the land to appellant cannot affect in the least the fact that appellee owned the severed

timber lying on the land. But in addition the deed from Vizard was a nullity of no force or effect, and was so decreed by the chancery suit brought for that purpose.

To make the deed competent in anywise it was essential that they should show that Acree acted on it, believing it to be valid, and that he had reasonable grounds to do so, and it could not be admitted without supporting proof.

The court did not err in refusing to permit witnesses to testify to the expense incurred in squaring and transporting to market the timber in controversy.

It was not shown that the trespass was a *bona fide* act under claim of title, which under the rule in *Bond* v. *Griffin,* 74 Miss., 599; *Railroad Co.* v. *LeBlanc,* 74 Miss., 627; *Heard* v. *James,* 49 Miss., 247, is a condition precedent to the application of the rule contended for.

That it was proper to inflict punitive damages under the circumstances is settled by *Railroad* v. *Scurr,* 59 Miss., 460, and many cases following it.

Argued orally by *Edward Mayes,* for appellant, and *Garner W. Green,* for appellee.

TERRAL, J., delivered the opinion of the court.

Bufford sued Acree in replevin for twenty pieces of square timber valued at $8 per stick, and recovered $160 as the value of the timber, $40 as attorney's fee, and $34 for lost time— making $234. The suit was brought originally against White, who was looking after the timber interests of Acree in Jackson county, and Acree, who resided in Alabama, was substituted as defendant. The twenty sticks of square timber were cut from lands bought by Acree from a former owner, somewhere about the time of purchase, and White, finding the sticks of timber lying upon the land purchased by Acree from Vizard, not entirely finished for market, completed the hewing of it, and rafted the timber to Moss Point, where it was seized by

plaintiff. Subsequent to the suing out of the writ of replevin, the deed of purchase of said land by Acree was annulled by a decree of the chancery court, after which Acree no longer claimed a recovery of said timber, but sought to shield himself from punitory damages claimed against him, and to reduce the value of said timber by the labor bestowed upon it in fitting it for, and floating it to, market. For the purpose of showing his good faith in preparing said twenty sticks of timber for market, and as a basis of his recovery for the labor bestowed upon them for that purpose, and of conveying it to market, he offered in evidence his deed to the land from which the timber was cut, and upon which it was lying when it was taken charge of by his agent, White, and it was rejected. We think his deed of conveyance was admissible in evidence to show his good faith in taking charge of said timber, and of preparing and putting it in market, although subsequently declared void upon grounds not affecting the integrity of the motives of Acree in making said claim. We are of opinion that there is not in the case such evidence of willful wrong or reckless misconduct on the part of Acree as to justify the infliction of exemplary damages against him, and that the instruction of the court placing their infliction within the discretion of the jury is erroneous. Upon the authority of *Railroad Co.* v. *Le Blanc,* 74 Miss., 626, 647 (21 So., 748), we think that Acree should have been permitted to have shown, in reduction of a recovery against him, the cost of the labor put upon the timber in preparing it for market and in floating or rafting it to Moss Point, where it was seized in replevin by the officer.

*Reversed and remanded.*