(116 N. W. 345.)

---

## L. E. MARINER v. H. A. WASSER.

Opinion filed June 19, 1908.

**Personal Property — Possession as Evidence of Ownership.**

1. A person in actual possession of and having actual control over personal property is prima facie the owner thereof.

**Sheriffs — Unlawful Levy — Conversion — Demand.**

2. A sheriff is not guilty of conversion of property when taken and sold under an execution when he finds the property in the actual possession and under the control of the execution debtor, until a demand for the return of the property is made or notice given of the ownership of the property, or the sheriff has knowledge of the actual ownership of the same.

Appeal from District Court, Stutsman County; Burke, J.

Action by L. E. Mariner against H. A. Wasser. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

*Geo. W. Thorpe* and *S. E. Ellsworth,* for appellant.

Where a levy is made on personal property in judgment debtor's possession, demand and refusal to deliver are indispensable to render officer liable, unless he knows the true ownership of other claimant. Killey v. Seannell, 12 Cal. 73; Daumiel v. Gorham, 6 Cal. 43; Taylor v. Seymour, 6 Cal. 512; Bond v. Ward, 7 Mass. 123; Shumway v. Rutter, 8 Pick. 443; Vose v. Stickney, 8 Minn. '75; Barry v. McGrade, 14 Minn. 163; Lewis v. Whittemore, 22 Am. Dec. 466; Master v. Webb, 60 How. Pr. 302; Walter v. Jacobson, 7 N. D. 32, 73 N. W. 65.

*Carr & Kneeland,* for respondent.

Sheriff can always protect himself by demanding indemnity. Waples on Attachment, 148; Shriver v. Harbaugh, 37 Pa. 399.

Trover can be maintained without demand, where situation of property fairly warrants that it is the judgment debtor's. Woodbury v. Long, 8 Pick. 543; Blanchard v. Cooley, 22 Pick. 151; Stickney v. Davis, 16 Pick. 19.

Whoever deals with chattels does so at his peril. 2 Cooley on Torts, 778, 779; 2 Jaggard on Torts, 734; 2 Hillard on Torts, 188; 2 Addison on Torts, section 907.

Where a sheriff sells personal property of another than the judgment debtor, he is liable without notice unless real owner's conduct has misled him. 26 Am. & Eng. Enc. Law. 720, 790; Lothrop v. Arnold, 25 Me. 136; Whitney v. Preston, 45 N. W. 619; Taylor v. Plunkett, 56 Atl. 384; Meadow v. Wise, 41 Ark. 285; Ilg v. Burbank, 59 Ill. App. 291; Duperon v. Van Wickle, 4 Rob. 39, 39 Am. Dec. 509; Fort v. Wells, 56 Am. St. Rep. 316; Reynolds v. Shuler, 5 Cow. 323; State v. McBride, 81 Mo. 353; Meade v. Smith, 16 Conn. 346; Riley v. Martin, 35 Ga. 136; Cobb v. Dows, 9 Barb. 230; Jamison v. Hendricks, 2 Black, 94; Roche v. Link, 15 Ky. L. Rep. 702; Terrial v. Kinney, 20 La. Ann. 444.

MORGAN, C. J. This is an action for damages for the conversion of personal property by the defendant sheriff, who sold it under an execution in an action to which the plaintiff was not a party. A jury trial was duly waived, and a trial was had to the court who made findings of fact and conclusions of law in plaintiff's favor, and rendered judgment in his favor for $66 and costs. The plaintiff was the owner of the property beyond dispute, as shown by the evidence. No demand was made upon the sheriff for the return of the property or for damages for its wrongful taking prior to the commencement of this action. The answer was a general denial but the evidence, unobjected to, showed that the sheriff was acting under an execution, regularly issued in an action in which the plaintiff's brother was the judgment debtor. The property, when levied on, was in the actual possession of the execution debtor, and, when levied on, the sheriff was in no way notified or informed that the plaintiff was the owner thereof. The sole question presented for consideration is whether a sheriff is liable for damages in levying on and selling the property of a third person under execution when he finds the property in the actual possession of the execution debtor,

and he is in no way advised and has no knowledge that the property does not belong to the execution debtor. In this state there is no statutory provision applicable to the question, although section 6954, Rev. Codes 1905, provides that, when property of a third person is taken under a writ of attachment, the sheriff is not liable for damages for so doing, unless such third person notifies the sheriff by a verified claim of such ownership. We have recently held that said section is not applicable to cases where the property is taken from the actual possession of such third person. Aber v. Twichell, 17 N. D. 229, 116 N. W. 95. A determination of the question depends upon the force and effect of the actual possession by the execution debtor of the property when levied on.

It is a general principle of law that the person in actual possession of personal property is prima facie the owner thereof. Does the fact of such possession except the sheriff from his general liability for selling the property of a stranger to the execution writ, when there is an entire want of notice or knowledge, and he is acting in entire good faith? The plaintiff placed the property in the execution debtor's hands, and is to that extent the cause of the sheriff's mistake. Had a demand been made before suit, and the sheriff had refused to comply therewith, the sheriff would be liable. In such a case his liability would be the result of his own act as he had an opportunity to remedy the mistake. In the case at bar the sheriff has had no opportunity to return the property, and he had sold it before a suit was brought against him for damages. We think it would be an unjust and harsh rule to force him to respond in damages unless a demand be first made. The requirement of a previous demand by the owner of the property before suit can be maintained does not inflict upon the owner a burdensome task, and the enforcement of the opposite rule would often inflct upon the officer serious consequences without any fault whatever on his part. We think that the general rule as to demand should be applied, and that is that a demand is necessary where the possession is not wrongful. The prima facie ownership by virtue of the possession was sufficient to authorize a levy on the property by the sheriff, and, until notice or a demand for the possession, his possession cannot be said to have been wrongful. The precise question involved here has been before the California courts. In Killey v. Scannell, 12 Cal. 73, the absence of demand was declared fatal to a recovery by the owner on the sole ground that the possession of the judgment debtor authoriz-

ed a levy on the property so found. This case, however, was expressly disaffirmed in Boulware v. Craddock, 30 Cal. 190, and in Wellman v. English, 38 Cal. 583. But both of these last-mentioned cases were expressly disapproved in Fuller Desk Co. v. McDade, 113 Cal. 360, 45 Pac. 694, and the rule in Killey v. Scannell, supra, returned to. In Vose v. Stickney, 8 Minn. 75 (Gil. 51), the same rule was followed, and in the syllabus is stated as follows: "Where a person is in possession of and exercising acts of possession over personal property of another, the owner cannot, until demand or notice to the sheriff, maintain an action against him for levying upon and taking it under process against the person in possession." For an instructive discussion of the question, see Masten v. Webb, 60 How. Prac. (N. Y.) 302, where the California rule is followed. In Freeman on Executions, § 254, the same rule is laid down, and in commenting on the doctrine of the California cases, above cited, where it is held that the sheriff is liable for wrongful levies, although the property is in the possession of the judgment debtor, it is said: "This statement requires some modification. If the property is in possession of the defendant in execution, it is prima facie his. The officer may, therefore, levy upon it, if he knows nothing to rebut this presumption, and cannot be charged as guilty of a conversion, unless, after notice that it belongs to another, he insists upon retaining possession of it and refuses to deliver it to the owner."

It follows that the action cannot be maintained without notice or proof of a demand for possession and that the defendant is not shown to have wrongfully levied on the property, and the findings of the court that the defendant wrongfully levied upon it are not sustained by the evidence. The judgment is reversed, a new trial granted, and the cause remanded for further proceedings.

All concur.