[Civ. No. 2677. Second Appellate District, Division Two.—April 30, 1920.]

MARY E. MUTCH, Respondent, v. LONG BEACH IM-PROVEMENT COMPANY (a Corporation), et al., Appellants.

[1] CLAIM AND DELIVERY — DETENTION OF AUTOMOBILE — EXCESSIVE DAMAGES.—Where the judgment in an action in claim and delivery to recover possession of an automobile used for pleasure purposes and damages for its detention, awards plaintiff the car, together with a sum more than half the market value, thereof at the time it was taken for its depreciation during its detention, and a sum of over three times such market value for damages from being deprived of its use for about twenty months, such damages are excessive.

[2] ID.—MEASURE OF DAMAGES.—While the amount to be allowed the plaintiff in such an action is to be determined according to the market value of the use of the property, it is the net usable value less the expense of keeping up the property which may be recovered; and in determining the value of the use of the property, care should be taken not to permit the fixing of an amount out of all proportion to the value of the thing itself.

[3] ID.—DETENTION UNDER ATTACHMENT BY SHERIFF—THIRD PARTY CLAIM.—Where property is wrongfully taken on attachment, the sheriff is absolved from liability for its detention prior to the filing of a third party claim, as provided in section 689 of the Code of Civil Procedure.

APPEAL from a judgment of the Superior Court of Los Angeles County. Russ Avery, Judge. Reversed.

The facts are stated in the opinion of the court.

Bowen & Bailie for Appellants.

Denio & Hart for Respondent.

SLOANE, J.—In an action in which the defendant Long Beach Improvement Company was plaintiff and John B. Mutch, the husband of plaintiff in this action, was defendant, the sheriff of the county of Los Angeles levied an attachment upon an automobile as the property of said John B. Mutch. The property was taken on attachment on Feb-

ruary 19, 1916. Subsequently the plaintiff here claimed to be the owner of the automobile, and made demand upon the defendant Long Beach Improvement Company for its possession. She made no third party affidavit of ownership nor demand upon the sheriff, under section 689 of the Code of Civil Procedure, until October 16, 1916, more than eight months after the levy. On November 26, 1916, this action of claim and delivery was brought to recover possession of the automobile and damages for its detention. During the pendency of the suit the automobile was delivered to the plaintiff, and thereafter judgment was given determining the question of ownership in plaintiff's favor and awarding her damages for the taking and detention in the sum of $1,500.65 against both defendants.

[1] The defendants appeal from the judgment on the judgment-roll and a bill of exceptions. The main contention of appellants is that the evidence does not support the findings and judgment in the admeasurement and award of damages.

The items of damages going to make up the amount of the judgment consist of the sums of $1,297.50, for the rental value of the car from February 19, 1916, the date of the attachment, until October 17, 1917, the date of its redelivery to plaintiff—a period of eighty-six and one-half weeks, at fifteen dollars per week—and $203.15 for loss of tools and appliances belonging to the car, cost of cleaning the car after its recovery, and depreciation of its value during its detention. The undisputed testimony fixes the value of the car at the time it was taken on attachment at $400. Plaintiff gets her car back, with $203.15 for its depreciation during its detention, and with over three times its market value for damages from being deprived of its use for about twenty months.

Appellants interpose various objections to the measure of damages adopted by the trial court. Without discussing them in detail, we think it is sufficient to say that one thus deprived of the use of an automobile cannot recover the gross rental value of a fully equipped and maintained car, free from all expense of maintenance, repairs, and natural wear and tear, such as a rented car would naturally be subject to. It must be apparent at once that there is something wrong with a scale of damages that allows three times as

much for the detention of an article from the possession of the owner for a period of two years as could have been recovered if the trespasser had completely smashed it up and destroyed it in the first instance. In this case the automobile was in use by the plaintiff as a pleasure car, and after its taking was not in use during its detention. But neither the fact that the plaintiff was not using the car for business nor the defendants' using it at all would absolve the defendants from compensating the plaintiff for any detriment she actually sustained by its wrongful taking and detention; but it would be against conscience to permit a recovery so out of proportion to the value of the thing involved as appears here. Section 3359 of the Civil Code provides that "damages must in all cases be reasonable, and where an obligation of any kind appears to create a right to unconscionable and grossly oppressive damages, contrary to substantial justice, no more than reasonable damages can be recovered." [2] While the amount to be allowed is to be determined according to the market value of the use of the property, it is the net usable value less the expense of keeping up the property which may be recovered. In determining the value of the use under the above rule, care should be taken not to permit the fixing of an amount out of all proportion to the value of the thing itself; otherwise the result is not compensation for use but punishment for a wrong in a case where exemplary damages as such would not be allowed. So, where damages allowed for the detention of property for less than a year were more than twice the value of the property, it was held that such damages were grossly excessive. (23 R. C. L. 913; *Armstrong* v. *Philadelphia,* 249 Pa. St. 39, [Ann. Cas. 1917B, 1082, 94 Atl. 455]; Ann. Cas. 1914A, 381, note; *Romberg* v. *Hughes,* 18 Neb. 579, [26 N. W. 351].)

[3] Attention has been called to the fact that no third party claim was made to the sheriff, as provided by section 689 of the Code of Civil Procedure, for more than eight months after the levy of the attachment. This fact would in any event absolve the sheriff from liability for the detention of plaintiff's property for the period prior to the notice of claim. It is expressly declared by section 689 that the sheriff is not liable for damages for the taking or keeping of such property to any such third person unless such

claim is made. (Code Civ. Proc., sec. 689; *Killey* v. *Scannell,* 12 Cal. 73; *Fuller Desk Co.* v. *McDade,* 113 Cal. 360, 363, [45 Pac. 694].)

Judgment reversed.

Finlayson, P. J., and Thomas, J., concurred.