[Civ. No. 3349. Third Appellate District.—March 22, 1929.]

FRANK HENRIQUES, Respondent, v. BANK OF COTTONWOOD (a Corporation), Appellant.

Carter & Smith for Appellant.

Chenoweth & Leininger for Respondent.

PLUMMER, J.—The plaintiff had judgment in an action brought to recover the possession of twenty-six head of cattle. From this judgment the defendant appeals.

As stated in respondent's brief: "The only point involved in this appeal is whether a mortgagee in a chattel mortgage may take up cattle not prescribed or embraced in the chattel mortgage and belonging to a third party, and then recover for the expenses of taking up and caring for such cattle, when the third party notifies the mortgagee of his own ownership and makes oral demand for the same."

It appears from the record that the appellant, as the holder of a chattel mortgage executed in its favor by one William Henriques, gathered up twenty-six head of cattle belonging to the plaintiff, which cattle were not described in the chattel mortgage; that these cattle were gathered up on the range where they were running and ranging, and not in the visible possession of anyone; that after the cattle were gathered up, the appellant proceeded to pasture the same, and also to feed the said cattle a quantity of hay. For the expense of gathering up the cattle, pasturing and feeding, the appellant filed a cross-complaint and sought to recover from the plaintiff the sum of $500 on account of the expenses incurred in pasturing and feeding the cattle. The cattle were taken from the range in the late summer and early fall of the year 1924, and were kept by the appellant until on or about the twenty-first day of March, 1925, when, under a stipulation, the cattle were delivered to the possession of the plaintiff, to remain in his possession subject to the determination of whether the cattle did or did not belong to the plaintiff.

The court found, upon testimony amply sufficient to sustain the same, that during all the times mentioned in this proceeding the plaintiff was the owner of twenty-five head of cattle—(by the term "cattle" we include all ages)—branded "J8" on the left hip and marked with a swallow fork and upper bit in the right ear and under half crop in the left ear, and also a certain black cow branded "KK." As the plaintiff had possession of the cattle at the time of the entry of judgment, the judgment really confirmed the plaintiff's title. The findings also show that the cattle covered by the mortgage held by the appellant and executed to it by William Henriques were branded "J8" on the left hip and circle 6 on the right hip, those branded "J8" on the left hip being marked with a swallow fork and upper bit in the right ear and under half crop in the left ear, and

those branded circle 6 on the right hip, being marked with a crop and upper half crop in the right ear and two splits in the left ear; that William Henriques was not the owner of said brand "J8" on the left hip; that on the twenty-third day of July, 1920, William Henriques made and executed a promissory note to the appellant, and as security therefor executed a chattel mortgage to the appellant, in which chattel mortgage the cattle were described as branded with the brand belonging to William Henriques which we have just mentioned. The court further found that the cattle mentioned and described in the chattel mortgage are not the cattle described in plaintiff's complaint, and that no cattle branded "J8" on the right hip were described or included in said chattel mortgage, and, also, that none of said cattle were given, and none of said cattle were intended to be included in said chattel mortgage. The court further found that on or about the month of August, 1924, the defendant and appellant wrongfully took possession of the cattle belonging to the plaintiff herein and wrongfully retained possession thereof until on or about the twenty-first day of March, 1925; that the cattle belonging to the plaintiff, and so wrongfully taken possession of by the appellant, were ranging and grazing on their usual summer range in western Shasta County, along with cattle which were owned by William R. Henriques. The court further found that the defendant did not believe, and had no reason to believe that any of the cattle described in the complaint, and found to belong to the plaintiff, were the property of the mortgagor William Henriques. The court also found that in the latter part of August, 1924, the plaintiff demanded possession of said cattle from the defendant, and that the defendant refused to deliver the same; that plaintiff thereafter, and on other occasions, made demand of defendant and of the receiver who had been appointed to take charge thereof, for the possession of said cattle, but that the defendant and the receiver appointed at its instance, refused to deliver the same to the plaintiff until on or about the twenty-first day of March, 1925. The court further found that it was not true that after said cattle were gathered up, the plaintiff sat idly by and permitted the defendant to expend large, or any sums of money in gathering, feeding, or keeping said cattle, but that in the latter part of August,

1924, when the plaintiff learned that his cattle had been taken up by the defendant, plaintiff made demand that said cattle be released; that during all the time from August, 1924, until March 21, 1925, the plaintiff had an abundance of range and feed for said cattle, and that the cattle were taken up without the knowledge or consent of the plaintiff, and kept by the defendant against his will and without his consent. The court further found that it was not necessary for the defendant to expend any money in gathering, keeping, caring for, and in the preservation of, or for keeping or caring for said cattle. In addition to the oral demand, the record shows that on or about the eighteenth day of March, 1925, the plaintiff made a written demand for the delivery of possession of said cattle to him, and that thereafter, on the twenty-first day of March, 1925, under stipulation, the possession of said cattle was delivered to the plaintiff. No damages for the detention of said cattle were allowed the plaintiff, by reason of the fact that the court found that the plaintiff had suffered no damage, and that all the cattle had been restored to him, save and except one cow that had died, apparently not through the neglect of anyone connected with this cause.

Upon this appeal no serious contention is made that the finding of ownership of the cattle to be in the plaintiff is not amply sustained by the testimony, and, therefore, we do not need to lengthen this opinion by a consideration of the question of ownership.

The first point made by appellant is that there was no sufficient demand for the return of the property, made by the plaintiff, and a number of cases are cited wherein it was held that the demand made upon the sheriff was not sufficient to charge him with damages by reason of having taken possession of the property under a writ of attachment or under execution; that all these cases rest upon a peculiar circumstance which is absent from the case at bar. This is illustrated by the holding of the court in the principal case of *Killey* v. *Scannell*, 12 Cal. 73. It is there said: "Defendant (sheriff), having seized the property by virtue of his office and process, *while in the possession of the party defendant mentioned in the writ*, was entitled to notice and demand from plaintiff before he can be held liable to an action for the possession or value." This language is approved in the case of

*Fuller Desk Co.* v. *McDade*, 113 Cal. 360 [45 Pac. 694], and likewise in a number of other cases cited in appellant's brief. By noting the italicized words in the quotation above set forth, it will be seen that the demand is necessary when the sheriff has taken possession of property which he finds in the possession of the person named as defendant in the action in which the writ was issued. It does not apply when the sheriff or any other party goes out and takes possession of property not found in the possession of the defendant, and especially when the taking of possession is under the terms of a chattel mortgage and the property is neither described in the chattel mortgage nor found in the possession of the person named as mortgagor therein. Under such circumstances the property is not taken possession of by reason of the property being described in the writ or mortgage or by reason of being found in the possession of the defendant or mortgagor. When personal property is found in the possession of a defendant or in the possession of a mortgagor, the presumption of ownership attaches, and the sheriff or attaching officer is entitled to notice of what is called the third-party claim, before he can be held liable in damages. Just as stated in 15 California Jurisprudence, 1057: "A sheriff who has seized property in the possession of a debtor is entitled to notice of a third party's claim, and in the absence thereof, may not be charged with damages for the seizure," etc., it would appear that section 689 of the Code of Civil Procedure was enacted for the benefit of the sheriff or other attaching officer. (See notes to that section in Kerr's Cyc. Codes.) In the case at bar the sheriff is not a party to the action. No damages are claimed against any attaching officer. No damages were awarded the plaintiff as against the defendant. The question of title only was involved, and while the court has found that demand was made for the return of the property, it is really a moot question in this case, for the simple reason that under the stipulation turning the property over to the plaintiff, the only questions reserved for determination were the title to the property and whether the appellant might recover on its cross-complaint for its alleged expenses incurred in pasturing and feeding the cattle. ■ The court's finding that the defendant and appellant wrongfully took charge of the property, is clearly supported by the testimony, and this

brings the case to the determination of the one question stated in respondent's brief which we have hereinbefore quoted, to wit: Can a party wrongfully taking possession of cattle, recover for pasturing and feeding the same? The question would seem almost to answer itself, and that no compensation can be recovered under such circumstances. Were it otherwise, the door would be left wide open for anyone having pasturage for sale to take up stock, pasture the same, and then recover from the owner of the stock compensation for such wrongful act. The appellant, however, cites a number of cases where personal property has been taken possession of in good faith and improvements made thereon, and the expenses so incurred allowed to be recovered as against the true owner, in actions prosecuted by the true owner for the recovery. The cases cited show that where a defendant has cut and removed timber from land and manufactured it into lumber, the defendant in an action brought for the recovery of the lumber is entitled to be reimbursed for his services, and for money expended in good faith in manufacturing the timber into lumber. The case of *Keystone Lumber Co.* v. *Kolman,* 103 Wis. 300 [79 N. W. 224], also reported in 94 Wis. 465 [59 Am. St. Rep. 905, 43 L. R. A. 821, 69 N. W. 165], likewise the case of *Acree* v. *Bufford,* 80 Miss. 565 [31 South. 898], illustrate the application of the rule where the defendant was entitled to recover where the property had been changed in form and rendered more valuable. In the case at bar the property has not been changed in form, nor has anything been added thereto. If it has increased in value it is by reason of growth or perhaps change in market value, but not by reason of any necessary act of the appellant. The court found that the acts of the appellant were not necessary for the preservation of the property. Again, the appellant cannot take advantage of the plea of good faith. The record shows, and the court found, that the plaintiff, at all times after the taking possession of the property by the appellant, was claiming the same, notified the appellant that he was the owner thereof, and demanded a return of the property. The only excuse that appears in the record is the argument that the oral demand made by the plaintiff was not sufficient in law. If it be admitted that a demand for return of the property was necessary to enable the plaintiff to recover damages, it

does not follow, where no damages were awarded the plaintiff, that the appellant is entitled to recover for pasturage and feed, in face of the fact that it at all times knew that the ownership of the property was claimed by the plaintiff. We do not need to discuss the law as argued by the respondent that so long as the identity of the property remains the owner of the property is entitled to its recovery. That principle is too well founded to necessitate citation of authorities.

The record further shows that at the time of the trial of the action a stipulation was entered into between the plaintiff and the defendant that, regardless of the pleadings, the judgment of the court should determine the ownership and right of possession of the property.

Finding no cause for reversal, the judgment of the trial court is affirmed.

Thompson (R. L.), J., and Finch, P. J., concurred.