[Civ. No. 6895. Second Appellate District, Division Two.—September 29, 1931.]

STANLEY W. SMITH, INC. (a Corporation), Appellant, v. W. M. PILGRIM, Respondent.

Overton, Lyman & Plumb for Appellant.

Fredericks, Hanna & Morton and Byron F. Story for Respondent.

CRAIG, J.—The plaintiff and appellant instituted this action against the respondent for the possession of an automobile or for its value. The defendant denied all of the allegations of the complaint and by affirmative answer alleged in himself ownership and the right to possession, praying judgment for the value of the property and damages for its detention by the plaintiff. Upon a trial by jury it developed that the plaintiff had more than three years previously deprived the defendant of his car, and that it had disposed of the same. Under the instructions given by the trial court a verdict and judgment were rendered in favor of the defendant for the value of the automobile at the time of trial and for its usable value, based upon a reasonable rental, until that time.

The appellant does not seriously challenge the amount allowed for the property. But it is insisted that the defendant is not entitled to damages opon the evidence adduced, and principally because he failed to show that he had suffered an actual loss by being compelled to purchase or hire a substitute machine. By positive testimony of qualified experts it appeared that the market rental value of an automobile of the type and in the condition of that involved varied from $200 per month during the first year down to $125 per month during the third year of its use and $20

to $25 per week during remaining months of the term under consideration, with proper upkeep and allowing for usual depreciation. The jury were instructed that if they should find for the defendant he would be entitled during the stipulated time of detention to compensation based upon its reasonable rental value, if any, deemed by the law as the net usable value less the expense of upkeep and maintenance. If such be the correct rule the verdict rendered might legally have been approximately double the amount actually allowed and we would not be authorized to say as a matter of law that their estimate upon all of the evidence was excessive. In such a case the statute affords a defendant the right to a return of the property or the value thereof in case its return cannot be had, together with damages for taking and withholding the same. (Code Civ. Proc., sec. 667.) "For the breach of an obligation not arising from contract, the measure of damages, except where otherwise expressly provided by this code, is the amount which will compensate for all the detriment proximately caused thereby, whether it could have been anticipated or not." (Civ. Code, sec. 3333.)

 In an action for claim and delivery of personal property the party aggrieved is entitled to the usable value, regardless of whether or not he be shown to have hired other property to take its place. (*Meyers* v. *Bradford,* 54 Cal. App. 157 [201 Pac. 471] ; *Ruzanoff* v. *Retailers Credit Assn. of Sacramento,* 97 Cal. App. 682 [276 Pac. 156].) And compensation therefor need not be limited by the value of the property. (*Tucker* v. *Hagerty,* 37 Cal. App. 789 [174 Pac. 908].) Where property detained has a usable value its owner is entitled to recover damages equivalent to the reasonable value of such use during the period he was wrongfully deprived thereof up to the time of the rendition of judgment. (*Drinkhouse* v. *Van Ness,* 202 Cal. 359 [260 Pac. 869].) We are advised of no modification of the principles announced in *Tucker* v. *Hagerty, supra,* that "this value is to be estimated by the ordinary market price of the use of such property. (34 Cyc. 1562–1564.) There are exceptions to the rule, but as there is neither evidence nor finding from which it may be ascertained whether or not the case falls within any of the exceptions, we must apply the rule as above stated." The same rule was applied to facts not materially dissimilar in *Mutch* v. *Long Beach Imp.*

*Co.,* 47 Cal. App. 267 [190 Pac. 638], *Taylor* v. *Bernheim,* 58 Cal. App. 404 [209 Pac. 55], and *Bonestell* v. *Automotive Fin. Corp.,* 69 Cal. App. 719 [232 Pac. 734].

█ Remaining contentions, that objections to evidence calculated to show that respondent rented no substitute car were improperly sustained, and that the verdict and judgment failed to specify separately the value of the property and its usable value, do not require extensive discussion. Rules already stated eliminate the materiality of the first point; █ and since the amount of the verdict was not excessive, the discrepancy, if any, in its phraseology cannot be held prejudicial to the appellant.

The judgment is affirmed.

Works, P. J., and Thompson (Ira F.), J., concurred.