[Civ. No. 7008.   Third Dist.   June 21, 1944.]

VEST LOWREY, as Executor, etc., Respondent, v. JOS. T. REGO, Appellant.

Carlin & Fuidge and W. E. Davies for Appellant.

Lawrence J. Skirving for Respondent.

THOMPSON, J.—This is an appeal by the defendant and cross-complainant from a judgment for the sum of $600, which was rendered pursuant to a verdict, in a suit to recover the amount of a loan for the purchase of a truck, which loan was alleged to have been procured by fraud.

The amended complaint alleges that plaintiff, Vest Lowrey, is executor and sole devisee of the last will and estate of his brother Bedford Lowrey, deceased; that the estate consisted of a farm in Sutter County and $1,229.36 in cash; that on October 23, 1941, plaintiff orally leased the ranch to the defendant, Joseph T. Rego, for a term from year to year; that on or about April 1, 1942, the defendant fraudulently induced the plaintiff, as executor of said estate, to loan him the sum of $600 with which to purchase a truck, by representing that defendant needed the truck for use on the farm, and that if the loan was made defendant would remain on the ranch and properly farm it for the period of a year and that he would transfer the title and custody of the truck to plaintiff to be held as security for the payment of said debt; that pursuant to that agreement the plaintiff loaned defendant said sum of $600 with which the truck was purchased and at defendant's request a certificate of ownership of the truck was issued in the name of Vest Lowrey, and that the defendant executed and delivered to plaintiff a promissory note for payment of the debt, in the following language:

"This 1st day of April, 1942, I, Joseph T. Rego, hereby agree to pay to Vest Lowrey Six Hundred Dollars ($600.00). This amount and note is secured by the pink slip of a GMC Truck (1937) model. This money is to draw interest at the rate of 7% annually until paid and $200.00 on principal until paid.                              (Signed) Jos. T. Rego."

The complaint further alleges that, immediately after negotiating said loan and purchasing the truck, the defendant, Joseph T. Rego, contrary to his said agreement, on or about April 1, 1942, repudiated the lease and abandoned the farm "taking the truck for his own use and benefit." It is also alleged that on June 16, 1942, plaintiff rescinded the agreement by giving notice as required by law.

To the amended complaint the defendant filed his answer denying the material allegations thereof, and also filed a cross-complaint against Vest Lowrey, as an individual, alleging

20

ownership of the truck by the cross-complainant and that plaintiff, on April 1, 1942, wrongfully took possession of the vehicle and deprived him of the use thereof to his damage in the sum of $25 per day from April 1, 1942, to June 10, 1942, aggregating the sum of $1,750. To the cross-complaint the plaintiff individually and as executor of said estate filed an answer denying the material allegations thereof except as to the allegations and admissions which are contained in paragraphs III, IV, V, VI and VII of the amended complaint.

The cause was tried with a jury which returned a verdict in favor of the plaintiff in the sum of $600 and against the defendant and cross-complainant. The court adopted the verdict of the jury and rendered judgment against the defendant and cross-complainant for the sum of $600. From that judgment the defendant and cross-complainant has appealed.

The appellant contends that the verdict and judgment are not supported by the evidence; that there is a fatal variance between the allegations of the pleadings and the proof thereof since the loan was made by Vest Lowrey individually and not by the estate of which he was executor; that the action was commenced prematurely before the note was due; that the court erred in striking out some of defendant's evidence of damages resulting from having been deprived of the use of his truck, and that the court erred in its instructions to the jury.

The verdict and judgment are adequately supported by the evidence. There is not a fatal variance between the allegations of the amended complaint and the proof thereof to the effect that the $600 which was loaned to the defendant was the property of the estate of Bedford Lowrey, deceased. The suit was instituted in the name of Vest Lowrey, as executor of that estate. It is alleged that the money belongs to the estate, that it was loaned by the estate and that the loan was procured by fraud and deceit. The check for that sum was drawn on a bank for the funds of the estate and signed by Vest Lowrey as executor. The defendant knew that the money belonged to the estate. This is not a suit on a promissory note. On the contrary, it is primarily a suit for money had and procured by means of fraud which rendered the note invalid. The proof supports those allegations. The loan was made in good faith without a previous order of the court for the purpose of preserving the estate. The executor was the sole devisee of the estate. There is no evidence that there

are creditors of the estate who would be harmed by the loss of the money.

It is the executor's duty to "collect all debts due . . . to the estate." (Prob. Code, § 571.) Actions for the recovery of real or personal property "may be maintained by . . . executors." (Prob. Code, § 573.) It is the duty of an executor to collect all assets belonging to the estate. (11B Cal.Jur. 232, § 828; 2 Bancroft's Prob. Pr., 663, § 348.) In the case of *Robertson* v. *Burrell*, 110 Cal. 568, at page 574 [42 P. 1086], it is said:

"The administrator, also, is a trustee with well-defined duties, among the first of which is that of collecting the assets of the estate and paying its just debts. . . ."

The evidence warranted the jury in assuming that the defendant fraudulently obtained the loan from the estate with the intention of abandoning his lease and the farm, which he did immediately after procuring the loan and purchasing the truck. He took possession of the truck.

An action for money had and received will lie to recover money obtained by one person from another by false and fraudulent representations. (*Minor* v. *Baldridge*, 123 Cal. 187 [55 P. 783]; *Halberstadt* v. *Nielsen*, 113 Cal.App. 313, 324 [298 P. 37]; 17 Cal.Jur. 616, § 12.)

Since this suit is primarily based on an action in assumpsit to recover money obtained by fraud, and not one on a promissory note, it is immaterial that the purported note was payable to Vest Lowrey, and not to the estate. It is also immaterial that the note may not be deemed to have become matured at the time of the filing of the complaint. Since the suit is based on fraud, the action was not premature merely because the note, which was dated April 1, 1942, provided that "This money is to draw interest at the rate of 7% annually until paid and $200.00 on principal until paid."

It is also immaterial that the amended complaint alleged notice of rescission of "the contract entered into" with relation to the loan and the purchase of the truck. (*Barbour* v. *Flick*, 126 Cal. 628 [59 P. 122]; 37 C.J.S. 373, § 79.) In the authority last cited it is said:

"Where the complaint states a good cause of action for fraud and deceit, allegations relating to a rescission of the contract may be disregarded. Likewise, the fact that a prayer for affirmative relief asks to have the parties placed in statu

quo will not make the action one for rescission if the facts stated in the complaint make out a cause of action in deceit; nor will the fact that plaintiffs ask that a note and mortgage given by them be cancelled as part of their recovery of damages.''

In the case of *Barbour* v. *Flick, supra,* which was a suit for damages on account of alleged fraud exercised in an exchange of real properties, with regard to allegations in the pleadings concerning a rescission of the contract, the syllabus properly announces the determination of the court as follows:

''In an action for damages for deceit in respect of an exchange of property, the rules as to rescission are not applicable; and the plaintiff may be allowed, as part of his damages, the cancellation of a note and mortgage. . . .''

In the present case, since the defendant was found to have procured the loan of $600 by means of fraud, he is not injured by a cancellation of the note or agreement. It is conceded he owns the truck which was purchased with that money. The request for cancellation is merely incident to the suit for fraud. If he is required to repay the loan, he is benefited by a cancellation of his note. The judgment does not decree cancellation of either the agreement to loan the money or the note. The prayer for cancellation is therefore immaterial and may be disregarded.

For the foregoing reasons the defendant's motion for a nonsuit was properly denied.

The court did not err in sustaining objections to certain questions propounded to defendant's witnesses regarding the measure of damages sustained by reason of plaintiff's depriving defendant of its use. Both Mr. Miller and Mr. Hurlbut testified that the rental value of the truck was $2.50 to $3.00 per hour. Mr. Burns testified that the rental value of the truck was $10 per day. That evidence was not stricken from the record. Mr. Hurlbut did qualify his answer by later stating that ''*Our rate* for a ton and a half truck was three dollars an hour.'' He finally testified that when the renter *furnished the driver* of a vehicle ''I wouldn't give you over two dollars an hour.'' Plaintiff's attorney did ask ''that all of this testimony go out.'' But that motion was not granted. After several questions were subsequently answered by Hurlbut indicating that his measure of damages was based on the use of the truck *for a particular business,* such as hauling fruit and grain, the court said, ''You are basing your answer to these

questions on your knowledge of that kind of work?'' To that question the defendant replied, ''Yes.'' Thereupon the court said *''The answer* may go out.'' The court also extended that ruling to *''the Court's questions''* involving that qualified use of the truck. To the former unqualified answer to the question, ''Was there a going rate for a ton and a half truck, flat rack truck?'' the defendant replied ''Yes.'' When he was asked, ''What was that?'' he replied, *''Our rate* for a ton and a half truck was three dollars an hour''. That answer was not stricken from the record. Since the witness' answer was based on his own charges for renting a truck, and not on his knowledge of the general local market value of such use of a truck, the evidence might have been properly stricken out, but it remains in the record. That ruling did not constitute error.

The appellant contends that the court erred in giving to the jury and refusing to give certain specified instructions. We have examined the entire charge to the jury and find therein no reversible error. The jury was fully and fairly instructed upon all material issues presented by the pleadings. ■ There was an issue as to whether the plaintiff bought the truck and subsequently sold it to the defendant on a conditional sales contract, reserving the right to its custody and possession. The defendant contends he bought the truck and merely procured the certificate of ownership to be issued to the plaintiff as security for payment of the purchase price. It is immaterial which theory of ownership of the truck was correct. The jury was properly instructed on both theories regarding the measure of damages to which the defendant would be entitled for the period of time he claimed to have been deprived of its use. ■ The court properly instructed the jury that if it found that the defendant owned the truck, and the plaintiff deprived him of its use during any period of time, the defendant was entitled to damages ''during the time it was detained.'' The jury was properly instructed that, under such circumstances, the measure of damages would be the reasonable value of the use of the vehicle during the period of detention. (*Stanley W. Smith, Inc.* v. *Pilgrim,* 117 Cal.App. 244 [3 P.2d 573]; *Mutch* v. *Long Beach Imp. Co.,* 47 Cal.App. 267 [190 P. 638]; 2 Cal. Jur. Ten-year Supp. 90, § 55.) In the court's instruction number four, the jury was told in part:

"If you should find that the defendant was the owner of the truck . . . and that the plaintiff for any period unlawfully withheld the possession of the truck from the defendant for any period of time,

"Then you shall by your verdict compensate the defendant for the loss of the use of the truck during that period of time.

"This compensation or damages is the equivalent to the reasonable value of such use during the time he was wrongfully deprived thereof."

In instruction number seven, the jury was further charged in that regard:

"In determining the market value of the use of personal property, such market value is the net usable value thereof, less the expense of the upkeeping of the property."

The court did not err in instructing the jury that:

"A contract or agreement which is otherwise valid and which is entered into by an executor of the estate of a deceased person without the consent of Court, while not binding on the estate, is nevertheless binding on the maker in his individual capacity."

In 11B California Jurisprudence 286, section 871, it is said: "Unauthorized or individual loans are at the representative's own risk." It is also said in 11B California Jurisprudence 264, section 854, that "Where, however, the representative reports such a loan and the amount is allowed in his account, this is conclusive." Regardless of whether the executor may receive credit in a subsequent account with the estate for money loaned, he is nevertheless personally responsible therefor. In the present case the defendant is not interested in any possible loss to the estate.

The court did not err in instructing the jury regarding the principles of rescission or accord and satisfaction. The question of rescission was merely incident to the suit for damages based on fraud as we have previously stated. There is evidence of a subsequent settlement between the plaintiff and the defendant of the conflicting claims of ownership of the truck and defendant's claim of damages for withholding the truck for a short period of time. The defendant was then paid a specified sum of money which the plaintiff claimed was in full satisfaction of defendant's demand on that account.

That question was submitted to the jury under proper instructions, and decided against the defendant.

■ The appellant is mistaken in asserting that the court improperly instructed the jury that, ''The allegations of the complaint state the plaintiff . . . is also suing here *in his individual capacity.*'' That statement was made in a colloquy between counsel before the case was argued and before the instructions were given to the jury. The instructions contain no such statement. The attention of the court was not called to that inadvertent statement. It does not appear that the defendant was prejudiced thereby. It was harmless, and it does not constitute reversible error.

The judgment is affirmed.

Adams, P. J., and Peek, J., concurred.