[Civ. No. 6127.   Second Appellate District, Division One.—October 2, 1930.]

MARY L. DALY, Appellant, v. REX REGINALD CRUSE, Respondent.

Leo O. Daly and Earl L. Wisdom for Appellant.

J. Russell Morton for Respondent.

HOUSER, J.—The action upon which this appeal is predicated was brought by plaintiff against defendant on two promissory notes.  The defense as to each of such notes was that ''said note was given to plaintiff's assignor upon the express condition that plaintiff's assignor should pay to defendant, or for his account, the full face value thereof, to-wit, the sum of $600 ($1,000) ; that plaintiff's assignor then and there agreed to pay to defendant, or for his account, said sum of $600 ($1,000), and that plaintiff's assignor failed, and has ever since failed, to pay to defendant, or for his account, said sum of $600 ($1,000), or any part

thereof, and that the consideration for said note has completely and totally failed''. Judgment was rendered in favor of defendant, and plaintiff appeals therefrom.

It is first urged by appellant that the answer interposed by defendant ''did not raise an issue of failure of consideration''. But whatever objection may be made regarding the form of the answer presented by defendant, its obvious meaning is that, although admitting the execution of the note in question, defendant never received any consideration whatsoever therefor. In any event, the record discloses that the parties to the litigation, as well as the judge of the trial court, so understood the allegation of defendant, and the case was tried on the issue of fact presented thereby. In such circumstances plaintiff is in no position to now complain for the first time.

Appellant's further complaint, to the effect that the evidence was insufficient to support the finding and ensuing judgment of the trial court, is likewise unavailing. Although the testimony given by the several witnesses regarding what consideration, if any, was received by defendant for the notes upon which the action was based, was somewhat conflicting one with the other, the record discloses ample evidence to support the conclusion reached by the trial court.

The judgment is affirmed.

Conrey, P. J., and York, J., concurred.