[Civ. No. 6589. Second Appellate District, Division Two.—April 9, 1931.]

H. A. HALBERSTADT et al., Appellants, v. RASMUS G. NIELSEN et al., Respondents.

E. B. Drake for Appellants.

Anderson & Anderson and Edward K. Sheahan for Respondents.

ARCHBALD, J., *pro tem.* — Appellants, husband and wife, brought an action against defendants for injuries sustained by the wife while inspecting a dwelling-house owned by the defendants Nielsen which was being offered for private sale and which at the time was in charge of the defendant Andersen, as agent of the owners for such purpose. The case was tried before a jury, which returned a verdict for defendants, and from the judgment entered thereon plaintiffs appeal.

The plaintiff Mrs. Halberstadt testified that she was interested in the purchase of a house, and, being attracted by the outward appearance of the one which defendants had for sale, that she entered the same for the purpose of inspection. The evidence is conflicting as to whether at that time there was a sign in front with the word "Open" thereon, but without doubt there was one with the words "For Sale" and the name of the defendant Andersen, as agent, on it. When she entered the house Mrs. Halberstadt met a man. She testified that this man started to show her around the place when another lady came in to whom he had previously shown another house, whereupon he excused himself and told her, Mrs. Halberstadt, to go ahead and view the premises. There is some question as to whether the gentleman whom she met was the defendant Andersen or a man named Ash, who was working for him. Mr. Ash testified that he was in the house when the lady mentioned came in, followed by Mrs. Halberstadt, who "asked if she could see the house and I agreed", stating that he did not again see Mrs. Halberstadt until he came back. Defendant Andersen denied seeing Mrs. Halberstadt on the day of the accident and stated that he did not hear of the occurrence until two or three days later, when Mr. Halberstadt called at the house. Mrs. Halberstadt testified that while she was inspecting the house alone she passed out of the kitchen into the laundry room, where she saw two or three doors, one of which led outside while another "looked as if it led into the middle of the house again". The latter door she opened and immediately fell into the cellar, there being no

landing for her to step on, but merely what several of the witnesses described as a ladder about fifteen inches wide, with steps not to exceed three inches wide, standing at an angle of about eighty degrees, which extended from the door to the cellar floor. The cellar was not lighted at the time and the switch was on the cellar side of the door which she entered. ▆ Defendants in their answer set up the defense of contributory negligence. The court very properly denied a motion for nonsuit and left to the jury the questions of negligence and contributory negligence.

It is the contention of appellants that the evidence clearly shows negligence on the part of respondents and that the verdict was influenced by certain instructions of the court which it is claimed were erroneously given.

Three instructions are selected by appellants from the many given by the court as the ones responsible in part at least for what they feel is a miscarriage of justice. They were given at the request of defendants and read as follows, the language complained of being italicized by us:

(1) "You are instructed that the burden is upon the plaintiffs in this action to prove to *your satisfaction* by a preponderance of the evidence that the defendant Nielsen was guilty of negligence which directly and proximately caused the accident resulting in the injury to the plaintiff Grace C. Halberstadt, and unless you find from a preponderance of the evidence that the said defendant was so guilty of such negligence, as defined in these instructions, your verdict must be for the said defendant Nielsen. The same rule applies as to the defendant Andersen."

(2) "You are instructed that unless you find from the evidence that the defendant Nielsen was guilty of negligence as defined by these instructions, which directly and proximately contributed to and caused the accident complained of by the plaintiff Grace C. Halberstadt, *and that the said plaintiff Grace C. Halberstadt was not guilty of any degree of contributory negligence as defined in these instructions, then your verdict must be for the defendant Nielsen.* The same rule applies as to the defendant Andersen."

(3) "You are instructed that one who sees or in the exercise of reasonable care could have seen, if she had looked, and has the faculties to understand the dangers to which she is exposed, is charged with the knowledge of them; *and*

*her failure to act on the knowledge as a prudent and cautious woman would act, under like circumstances, is negligence, which, if proved notwithstanding the negligence of the defendant, will defeat a recovery."*

Appellants contend that the language "to your satisfaction", found in the instruction first above quoted, requires of plaintiffs a higher and different degree of proof than the law demands in a civil case, and cite as authority *Lawrence* v. *Goodwill*, 44 Cal. App. 440 [186 Pac. 781, 785], *People* v. *Miller*, 171 Cal. 649 [154 Pac. 468, 469], and *Hutson* v. *Southern California Ry. Co.*, 150 Cal. 701 [69 Pac. 1093, 1095]. In *People* v. *Miller* the court defined "preponderance of the evidence" to mean that degree of evidence which proves to "a moral certainty", or "that produces conviction in an unprejudiced mind"; and in *Lawrence* v. *Goodwill* the court said that it meant "greater and superior weight of evidence which satisfies your mind" —"such evidence as satisfies and produces conviction in the minds of the jury". "It is that character or measure of evidence which carries conviction to your minds." It will be seen at a glance that the language used in the two cases mentioned established without question a higher degree of proof than is required in civil cases, and bears little relation to the language used in the instructions of which appellants here complain. Yet in spite of the fact that the language employed in *Lawrence* v. *Goodwill* seems clearly to violate the rule, the appellate court after reviewing the case said: "We have now considered all the objections made by the appellant to the charge of the court, and have done so because of the manifest earnestness with which counsel have endeavored in their briefs to support their view that the several instructions complained of not only involve erroneous statements of the principles which they were designed to enunciate, but must have had the effect of prejudicing the rights of the plaintiff. It may be added, generally, that the instructions referred to are not, as we have tried to show, so vulnerable but that it can justly be said as to all of them, as we have already said of one of them, that after a full and fair consideration of the record, including the evidence, we cannot hold that a miscarriage of justice has resulted in this case from any inaccuracies which they may contain."

In *Hutson* v. *Southern California Ry. Co., supra,* the court after holding that a number of instructions given did not correctly state the law said: "The court also instructed the jury that: 'As said above, the burden of proof of such contributory negligence rests upon the defendant; unless it proves the same *to your satisfaction* by a preponderance of the evidence', etc. It would be better to omit the words here italicized. In a civil case it is the weight of the evidence or preponderance of probability which is sufficient to establish a fact. . . . As given, the instruction might tend to confuse a jury into believing that something more than this was required." The Supreme Court does not say that the instruction is erroneous, but that "it would be better to omit" the language criticised. We are not to presume that error is prejudicial or that injury resulted if error is shown. We cannot say, under the ruling of the Hutson case, that the instruction here complained of was erroneous, and unless substantial injury is shown by the record to have been done appellants the instruction must be disregarded. (Sec. 475, Code Civ. Proc.) As a matter of fact, the record before us negatives injury therefrom. The question asked by the foreman of the jury when the jurors returned into court for further instruction, referred to later herein, shows they were not misled by the instruction.

The first instruction is complained of because it is said to place on the plaintiffs a greater burden than is proper in proving negligence, the second because it is said that it does not place the burden on defendants of proving contributory negligence by a preponderance of the evidence, and the third because it omits to say that in order to *defeat a recovery* the contributory negligence, if any, must be a direct and proximate cause of the injuries. ▉ The court properly instructed the jury that the plea of contributory negligence was an affirmative one, and that "therefore, before you can find in favor of the defendants on that issue you must believe from a preponderance of the evidence of the whole case that the plaintiff Grace C. Halberstadt was guilty of such contributory negligence, and that such contributory negligence, if any, contributed directly or proximately to the happening of the accident; further, if the evidence is equally balanced on that issue you will find in favor of the plaintiffs thereon, or if the evidence prepon-

derates in favor of the plaintiffs thereabout, you will find for them on that issue; and the fact that the accident happened is in no sense proof of contributory negligence at all; but on the contrary, if you find from the evidence that the plaintiff, Grace C. Halberstadt, on the occasion in controversy, used the care that an ordinarily prudent person would have used under the same or similar circumstances, then she was not guilty of contributory negligence at all and you will so find". The court defined negligence, proximate cause and contributory negligence, and we fail to see how the language complained of in the second instruction quoted could possibly have been misunderstood by the jury to mean that the latter was required to find from the evidence that plaintiff was not guilty of contributory negligence. Even from the language of the instruction given we fail to see how a jury, taking it all together, could be misled. It simply tells them that unless they found from the evidence that the defendants were guilty of negligence as defined, and also believed therefrom that the plaintiff mentioned was not guilty of any degree of contributory negligence as defined, their verdict should be for the defendants.

Instruction number 3 is a general instruction, not reciting facts but establishing a rule for the jury to apply from the facts found by them in determining whether or not the plaintiff Mrs. Halberstadt was negligent; and after the definition already given it would seem to be useless to tell them again that any negligence on her part must be the direct and proximate cause of the injuries in order to be considered by them.

The jury came back for further instructions and the record seems to indicate that they were apparently satisfied from the evidence as to the negligence of the defendants but that possibly some of them had not fully understood the instructions as to the effect of any negligence on the part of the plaintiff Mrs. Halberstadt. The foreman said: "What I am trying to get at is this: Does negligence entirely exonerate the plaintiff, if there is evidence that the plaintiff was negligent too; is it a case of where there is negligence on the part of plaintiff that we must decide in favor of the defendant?" To which the court replied: "I told you that if there was any negligence at all on the part of the plaintiff, which contributed or was a proximate cause

to her injuries, that she could not recover. I told you that several times, I think.'' The foregoing would seem to indicate that the instructions complained of did not mislead the jury to the prejudice of appellants.

■ The court refused to give plaintiffs' requested instruction No. 1. The instruction in question tells the jury that in determining whether or not Mrs. Halberstadt used ordinary care they should take into consideration many matters, some of which are uncontroverted, some of which are, and some of which would not seem to have any bearing on whether she used care or not, but all of which were before the jury in the evidence, and closes after such lengthy review as follows: ''and all other facts and circumstances proven in connection therewith, and unless you find from the preponderance of the evidence of the whole case that she failed to use ordinary care under such proven facts and circumstances, then she was not guilty of negligence . . . '' . We do not see how the failure to give this rather involved instruction prejudiced appellants' case. The court read paragraph IX of the complaint, which set out the particulars wherein plaintiffs claimed the defendants were negligent and which covered the essential matters of said proposed instruction, and then instructed the jury as to the right of Mrs. Halberstadt to assume that the premises and parts thereof were in a reasonably safe condition for her inspection, as well as to the duty of the defendants toward her as an invitee. We fail to see how the proposed instruction could have made the situation any clearer, and considering the entire record and the evidence before us, which we understand while not all of it is all of the evidence pertaining to the cause of the injuries, we do not find any error in such refusal.

Judgment affirmed.

Craig, Acting P. J., and Thompson (Ira F.), J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on May 1, 1931, and a petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 8, 1931.