[Civ. No. 11866. First Dist., Div. Two. Nov. 28, 1941.]

A. W. MORTON, Appellant, v. MARIE J. FOSS et al., Respondents.

Joseph A. Brown and A. E. Cross for Appellant.

Walter E. Dorn, Bessie Larson, H. Robert Bolander, Jr., and J. Richard Townsend for Respondents.

SPENCE, J.—In this action for specific performance of an alleged contract for the sale of real property, defendants had judgment and plaintiff appeals.

The defendant Marie J. Foss was the owner of the real property in question and the remaining defendants were joined only for the reason that they claimed interests in the real property deraigned through defendant Marie J. Foss after the time of the recording of the alleged contract between defendant Marie J. Foss and plaintiff. We will hereinafter use the word "defendant" in referring to defendant Marie J. Foss.

Defendant claimed in the trial court and now claims on this appeal that no contract was ever entered into by the parties as the minds of the parties never met; that the alleged contract was procured through fraud; and that the consideration of $4000 specified in the alleged contract was inadequate. The trial court found in favor of defendant on all of these issues. On this appeal, plaintiff's main contention is that the evidence was insufficient to support said findings. In view of our conclusion that the trial court's findings to the effect that no contract was ever entered into by the parties find ample support in the evidence, we deem it unnecessary to discuss the claims that the evidence was insufficient to support other findings.

The findings of the trial court on the issue under discussion were as follows:

"That it is true that on the 18th day of September, 1939, plaintiff herein caused to be submitted for approval by E. S. Preston an agreement to purchase certain real property situate in the City and County of San Francisco, State of California, belonging to the defendant, Marie J. Foss. That it is true that E. S. Preston, as a real estate broker was appointed and constituted the agent for the seller, Marie J. Foss, on or about the 12th day of June, 1939, and acted for said Marie J. Foss as such agent. That it is true that on or about the 18th day of September, 1939, and at the time said E. S. Preston presented for signature the proposed agreement to purchase said real property by A. W. Morton, said E. S. Preston acted as the agent and real estate broker for both Marie J. Foss and A. W. Morton. That it is also true that at the time said agreement was submitted for approval said agreement contained the words 'twenty days' from the date of confirmation of the sale to allow the purchaser to examine the title; that on the 20th day of September, 1939, said Marie J. Foss caused said words 'twenty days' to be stricken out and the words '5 ds' inserted and initialed 'M. J. F.' and with said change said defendant Marie J. Foss approved said contract of purchase.

"That it is also true that after said agreement of sale was approved by the defendant Marie J. Foss, without the consent and without the approval and without the authority of said Marie J. Foss the words and figures '5 ds' were changed to read 'O. K. 20 days', and as so changed said contract or agreement was signed by the plaintiff, A. W. Morton.

"It is also true that said defendant, Marie J. Foss, upon learning of said changed agreement, refused to approve or initial or confirm the change in said agreement from '5 ds' to 'O. K. 20 days', and repudiated said agreement and refused to be further bound by its terms. It is also true that said Marie J. Foss informed E. S. Preston, the broker who presented said agreement for approval on behalf of plaintiff, that she would not be bound by the terms of the agreement changed without her knowledge or consent."

"That it is not true that said Marie J. Foss entered into a contract with said plaintiff herein. . . . "

The trial court therefore concluded "That the plaintiff A. W. Morton never at any time had any binding or enforceable contract with the defendant Marie J. Foss."

It appears from the evidence that the real property originally consisted of a lot upon which was located a frame building used as an apartment house and that said building had been partially destroyed by fire. It was deemed a health and fire menace and the authorities had instituted proceedings against defendant. Several continuances had been had and defendant was finally informed that the authorities were insisting upon immediate action. A proposed deal for the exchange of the property for certain real property in Los Angeles had not materialized. Plaintiff learned that the property was for sale and, thereafter, he placed a deposit of $250 with a title company and caused E. S. Preston a real estate broker, to submit an offer to defendant of $4000. Said broker drew up a "Uniform Agreement of Sale" on the form adopted by the San Francisco Real Estate Board and had a Miss Shaffer, whom he described as an "associate broker" submit the instrument to defendant. At that time, the instrument had not been signed by plaintiff. Defendant decided to accept the price offered but insisted upon having the instrument changed to permit only five days rather than twenty days for the examination of the title. It was so changed and initialled by defendant at the time that defendant affixed her signature to the instrument. Miss Shaffer communicated with Mr. Preston advising him of the change made and he in turn communicated with plaintiff. Mr. Preston testified, "I asked him if that would be all right, and he said no, it would not." Mr. Preston then communicated with Miss Shaffer and told her of his conversation with plaintiff. Miss Shaffer said "she would see what she could do." Miss Shaffer called defendant but defendant refused to consent to an alteration to provide for twenty days instead of five days. Nevertheless Miss Shaffer, without any authority to do so, scratched out the original change to five days and inserted the words "O. K. 20 days." The instrument was then signed by plaintiff. With respect to the last mentioned change Miss Shaffer testified in part as follows: "Q. Did you tell her you had altered that document after she had signed it? A. I told her I was going to alter it." "Q. And what did she say? A. She said not to do it." After the instrument had been signed by plaintiff, defend-

ant was asked to initial the unauthorized change which had been made therein but she refused to do it and announced that she refused to go through with the proposed transaction. Plaintiff thereupon acknowledged before a notary public his signature upon the instrument and caused the instrument to be recorded. Thereafter he tendered the balance of the $4000 and brought this action for specific performance.

It seems entirely clear from what has been said that the minds of the parties never met. Plaintiff's so-called offer, evidenced by the original unsigned instrument calling for twenty days for the examination of title, was never accepted by defendant. Defendant's counter-offer, evidenced by the instrument signed by defendant as changed to provide for but five days instead of twenty days, was never accepted by plaintiff. Plaintiff's second offer, evidenced by the instrument signed by plaintiff as again changed to provide for twenty days, was never accepted by defendant. The parties simply never arrived at an agreement and, under the circumstances before us, it is immaterial that the signatures of the parties were affixed to the twice changed instrument. The changes are conceded and are shown by the uncontradicted evidence.

Much is said in the briefs regarding the question of agency. We are of the opinion that the evidence was ample to show that the brokers were acting for both parties. But in any event, there is not a particle of evidence to show that any person had authority from defendant to change the terms of the written instrument as they existed at the time that the instrument was executed by defendant. All of the evidence in the record is to the contrary.

Plaintiff states that regardless of the unauthorized change in the written instrument, he did in fact deposit the agreed purchase price with the title company within the five day period provided in the instrument. He apparently contends that this act resulted in a binding contract regardless of the effect of the unauthorized change in the written instrument. We cannot agree with plaintiff on this contention. Defendant's execution of the written instrument constituted a written offer to enter into a binding written agreement upon the terms set forth in said instrument as they read at the time that defendant executed said instrument. That instrument required the ''Sale to be confirmed within

two (2) days from date hereof'' and the instrument further provided that time was of the essence. Plaintiff did not confirm the sale within two days and never at any time confirmed the sale upon the terms offered by defendant. It is entirely obvious from the substance and form of the written instrument that it was intended for use as a bilateral agreement between seller and buyer and that no unilateral agreement could have been contemplated by the parties. In the absence of any acceptance of defendant's offer by plaintiff by the signing of the instrument within the two day period and upon the terms offered by defendant, plaintiff may not rely upon his subsequent willingness to comply with the terms previously offered by defendant or upon his act of depositing the money with the title company, as the basis for an agreement binding upon the defendant.

██ Plaintiff further contends that ''the court erred in admitting evidence contrary to the express admissions of the answer of defendant Foss.'' This contention is based upon the claim that the due execution of the agreement was admitted by the answer of defendant Foss and we may assume for the purpose of this discussion that this claim is well founded. It may be noted that this claim relates only to the answer of defendant Foss and there can be no doubt that the answers of the other defendants denied the due execution of said instrument. At the opening of the trial, counsel for plaintiff made an opening statement and was immediately followed by counsel for defendant Foss who made his opening statement at that time. In the last mentioned opening statement, the charge was clearly made that the instrument ''was changed without Mrs. Foss' consent from five days to twenty days.'' The trial then proceeded as though all parties had denied the due execution of said instrument and a great deal of testimony was introduced on this issue without any objection. Toward the close of the trial, counsel for plaintiff suggested to the court ''that it will probably be necessary to secure some further evidence, because we are taken entirely by surprise. . . . We had no idea that there would be any question about this twenty days raised. . . . '' Whereupon the court said ''I think counsel in the opening statement of the case brought that to our attention.'' The trial then proceeded to its conclusion without any continuance being asked to produce testimony other

than the large amount of testimony already in the record on this issue. Our review of the record discloses that all persons concerned with said transaction testified on this issue and that said testimony relating to said issue was not in conflict in any of its material aspects.

We find no error in the admission of said testimony. The question of the due execution of the instrument was clearly put in issue by the answers of the defendants, other than defendant Foss. As to the defendant Foss, the trial proceeded as though the issue had also been made by the answer of said defendant. There was no objection made by plaintiff to the introduction of any of said testimony as to any of the defendants and said testimony amply sustains the findings. As was said in *Moran* v. *Ratzkowski*, 120 Cal. App. 703 [8 Pac. (2d) 198], at page 705, " . . . even though the answer insufficiently put in issue the making of the new agreements, the appellants could not now be heard to complain because it is a familiar rule of law that where certain issues of fact are tried in the lower court without objection and as if they were correct, findings responsive thereto will be considered as if upon real issues and if supported by the evidence will stand." (Citing cases.) (See, also, *Northwestern M. F. Assoc.* v. *Pacific etc. Co.*, 187 Cal. 38, 40 [200 Pac. 934]; *Lawrence* v. *Ducommun*, 14 Cal. App. (2d) 396, 399 [58 Pac. (2d) 407].)

Plaintiff further contends that the trial court erred in failing to rule on plaintiff's motions to strike and demurrers. Our review of the record, however, convinces us that the error, if any, could not have been prejudicial to plaintiff.

The judgment is affirmed.

Nourse, P. J., and Dooling, J. *pro tem.*, concurred.

Appellant's petition for a hearing by the Supreme Court was denied January 27, 1942.